DAVID POUCHER, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Defendant received of plaintiff at Newark a car-load of sheep, to be transported to Albany under a contract which contained a clause by which plaintiff agreed to go or send some one with the sheep, "who should take all the risks of personal injury from whatever cause, whether of negligence of defendants, its agents, or otherwise." After the sheep were loaded, plaintiff, who was intending to accompany them, and had a drover's pass, in passing by the tender to the engine, was injured by a stick of wood negligently thrown therefrom. *Held*, that, under the contract, defendant was exempted from liability.

(Argued April 13, 1872; decided April 30, 1872.)

APPEAL from judgment of the General Term of the Supreme Court, in the seventh judicial district, entered upon an order affirming order of Special Term denying motion for new trial, and directing judgment for plaintiff upon a verdict.

This action was brought to recover damages for injuries alleged to have been sustained by the negligence of defendant's servants. On the 6th of October, 1866, plaintiff loaded on board defendant's cars at Newark a car-load of sheep, to be transported to Albany under a written contract, by which it was, among other things, agreed that "he should go or send some person or persons in the same train with the stock to take charge of the same, who should be carried free of charge, and who should take all the risks of personal injury from whatever cause, whether of negligence of defendant, its agents, or otherwise." He also at the same time received a pass, which provided that its acceptance should be considered

" a waiver of all claims against the company for personal injury received when on the above train."

After the sheep were loaded, plaintiff, in passing the tender to the engine of the train, was struck upon the foot by a large stick of wood thrown from the tender by the engineer, and was seriously injured. Defendant's counsel moved for a non-suit upon the ground, among others, that, under the contract, defendant was exempted from liability. The motion was denied, and the jury rendered a verdict for plaintiff of $500. A motion for a new trial was made upon the judge's minutes, which was denied, and proceedings on the verdict stayed until decision of General Term.

*Samuel Hand* for the appellant. The contract and pass should be construed together. (*Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y., 442.) A carrier can limit his common-law liability. (*Bissell* v. *N. Y. C. R. R. Co.*, *supra.*) A person is to be deemed a passenger while going from the office to get aboard the train. (*Warren* v. *The Fitchburg R. R. Co.*, 8 Allen, 227.) He is also deemed a passenger while leaving a train and passing from the railroad premises. (*Osborn* v. *Union Ferry Co.*, 53 Barb., 629 ; *Van Schaick* v. *Hudson R. R. R. Co.*, 43 N. Y., 528, 537 ; *Drew* v. *Sixth Av. R. R. Co.*, 26 id., 49 ; *Northrup* v. *Railroad Passenger Association Company*, 43 id., 516.)

*J. Welling* for the respondent. The motions to nonsuit the plaintiff were properly denied. (42 N. Y. Rep., 214.) The agreement had not become operative as to injuries to the person. (*Stinson* v. *N. Y. Central Railroad Co.*, 32 id., 333, 336, 337, 338.) Whether the plaintiff was free from culpable negligence was a question of fact for the determination of the jury. (*Ernst* v. *Hudson R. R. R. Co.*, 25 id., 10, 38, 39, 40, 47 ; 32 id., 336.) Plaintiff was free from negligence. (32 id., 336.) Defendant was guilty of negligence. (Shear & Red. on Neg., 573, § 493 ; *Barrett* v. *M. R. R. Co.*, 1 Fost. & F., 361 ; *Card* v. *N. Y. and H. R. R. Co.*, 50 Barb., 39.)

RAPALLO, J.  The questions of negligence on the part of the defendant, and of contributing negligence on the part of the plaintiff, were upon the evidence proper for the consideration of the jury, and on these questions their verdict is conclusive.

But we are of opinion that, under the contract between the plaintiff and the defendant, the latter was exempted from liability for the injury sustained by the plaintiff through the negligence of its servants, and that the motion for a nonsuit on this ground should have been granted.  The injury complained of was sustained by the plaintiff while he was on the defendant's premises, moving about the train on which his animals were laden, for the purpose of taking care of them, and engaged in the performance of that duty.  His only business there was to take charge of the stock in pursuance of the terms of the contract.  The train was about starting, and he was to go in it according to the terms of the contract, being provided with a free pass for that purpose. The contract provided that he should go or send some person on the same train with the stock, to take charge of it, who should be carried free of charge, and that such person so riding free should take all the risk of personal injury from whatever cause, whether of negligence of the defendant or its agents or otherwise.  We do not think it necessary, to bring the plaintiff within the operation of this stipulation, that he should have been actually riding at the time of his injury.  The train had been formed and was about to start. The plaintiff was there, under the contract, as a passenger, furnished with a pass, entitling him to ride free, and coming from the performance of the duties contemplated by his contract.  These features did not exist in the case of *Stinson* v. *N. Y. C. R. R. Co.* (32 N. Y., 333), and the decision in that case comments upon their absence.  We think the plaintiff was fairly within the stipulation contained in this contract. (*Northrup* v. *R. R. Pass. As. Co.*, 43 N. Y., 516.)

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

GROVER, FOLGER and ALLEN, JJ., concur; CHURCH, Ch. J., and PECKHAM, J., not voting.

Judgment reversed.