ELIZABETH J. BLAIR, Administratrix, etc., Respondent, *v.* THE ERIE RAILWAY COMPANY, Appellant.

Where there is no express exemption provided by contract, a railroad company is liable for the consequences of its own or its servants negligence to persons traveling upon its trains, as messengers or agents of an express company, to the same extent as to other passengers, although no charge is made for their fare.

One temporarily supplying the place of an express messenger stands in the same position with him, and is entitled to the same protection.

*Eaton* v. *Delaware, Lackawanna and Western Railroad Company* (57 N. Y., 382) distinguished.

The terms of a contract which will exempt a railroad corporation from liability for negligence must be clear and unmistakable.

Defendant entered into a contract with the United States Express Company, in 1858, for the transportation of freight, by which it agreed, among other things, to transport, free of charge, the money-safes, contents and messengers of the express company, it "assuming no liability whatsoever in the matter." In 1871 another contract was made, by its terms, adopting the conditions of the former contract, save as modified. It provided that defendant should assume the usual risks taken by railroads as to freight, except that it "shall not assume any risk or loss on any money, bank-notes, bonds, gold, bullion or jewelry packages, and for which, with the express company's safes and messengers, no charge for carriage is to be made."

In an action for the alleged negligent killing of an express messenger, *held* (EARL, J., dissenting), that the clause referred to in the contract of 1858 was abrogated by that of 1871; also that reading them both together there was no exemption of defendant from liability.

*Smith* v. *New York Central Railroad Company* (24 N. Y., 222); *Bissell* v. *New York Central Railroad Company* (25 id., 442); *Stinson* v. *New York Central Railroad Company* (32 id., 333), and *Poucher* v. *New York Central Railroad Company* (49 id., 263) distinguished.

(Argued April 28, 1876; decided June 6, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment on a verdict.

This action was brought to recover damages for the alleged negligent killing of Nathaniel P. Blair, plaintiff's intestate

The accident causing the death of Blair occurred April 2, 1874. Blair was employed by the United States Express Company to deliver freight about town at Hornellsville. He had formerly been an express messenger on the cars. On the day mentioned, at the request of the regular express messenger, he took his place upon a train and took charge of the express matter thereon. The train collided with another through the negligence of defendant's employes, and Blair was killed.

Defendant gave in evidence two contracts between it and the express company, one dated August 2, 1858, which contained this clause:

"The party of the first part [defendant] further agree to transport, free of charge, to and from Jersey City, Dunkirk and Buffalo, and to such other points on the line of their road as the second party may deem expedient in order to accomodate their business, their money-safes, contents and messengers, the party of the first part assuming no liability whatever in the matter."

The other contract, dated March 15, 1872, contained these clauses:

"First. For and in consideration of the terms and conditions hereinafter named, it is mutually agreed that the contract entered into between the New York and Erie Railroad Company and the United States Express Company on the 2d day of August, 1858, and which has governed the business relations of the said parties up to the present time, shall be continued and executed as heretofore, subject to the modifications and additions herein made."

"Third. It is further agreed that the Erie railway shall assume the annual risks taken by railroads on the express matter of the parties of the second part, excepting that the railway company shall not assume any risk or loss on any money, bank-notes, bonds, gold, bullion or jewelry packages, and for which, with the express company's safes and messengers, no charge for carriage is to be made by said railway company."

The court held that the contracts afforded no defence to the action, and submitted to the jury only the question of damages, to which ruling defendant's counsel duly excepted. Exceptions were ordered to be tried at first instance at General Term.

*E. C. Sprague* for the appellant. Defendant was not liable in this action. (*McFadden* v. *N. Y. C. R. R. Co.*, 44 N. Y., 478; *Wells* v. *N. Y. C. R. R. Co.*, 24 id., 181, 183; *Perkins* v. *N. Y. C. R. R. Co.*, id., 196; *Bissell* v. *N. Y. C. R. R. Co.*, 25 id., 443; *Poucher* v. *N. Y. C. R. R. Co.*, 49 id., 263; *Alexander* v. *Greene*, 7 Hill, 533; *Wells* v. *S. Nav. Co.*, 2 Comst., 204; *Lesson* v. *Holt*, Stark., 185; *Austin* v. *W., etc., R. Co.*, 70 E. C. L. R., 454; *Vantole* v. *S. E. R. Co.*, 104 id., 75; *Peck* v. *N. E. R. Co.*, 96 id., 957; *Stinson* v. *N. Y. C. R. R. Co.*, 32 N. Y., 333; *McAuley* v. *Furness*, L. R., 8 Q. B., 59; *Adams Ex. Co.* v. *Haynes*, 42 Ill., 89; *B. and O. R. R. Co.* v. *Brady*, 32 Ind., 333.) The intestate was not a passenger within the ordinary signification of that term. (*Eaton* v. *D., L. and W. R. R. Co.*, 57 N. Y., 382, 384; Ang. on Cor., §§ 521, 524, 525; *Kimball* v. *R. and B. R. Co.*, 26 Vt., 247; *Shaw* v. *Y. and N. M. R. R. Co*, 6 Eng. R. Cas., 87; 1 Am. R. Cas., 181; *Austin* v. *W., etc., R. Co.*, 5. E. L. and Eq., 329; *N. J. S. Nav. Co.* v. *Mer. Bk.*, 6 How. [U. S.], 344.)

*Geo. B. Bradley* for the respondent. Defendant's liability was established unless it has a defence under the contract set forth in the answer. (S. & R. on Neg., § 4; *Sutton* v. *W. R. Co.*, 15 N. Y., 444; *Coggs* v. *Barnard*, 1 S. L. Cas., 82; *P. and R. R. Co.* v. *Derby*, 14 How. [U. S.], 468; 1 Am. R. Cas., 129; *Collett* v. *L. and N. W. Co.*, 6 E. L. and Eq., 305; *Smith* v. *N. Y. C. R. R. Co.*, 24 N. Y., 222; *R. R. Co.* v. *Lockwood*, 17 Wal., 357.) The words used in the contract limiting defendant's liability, are merely general, and even if the deceased had been a party to it, they would not amount to a release of liability arising from defendant's negligence.

(*R. R. Co.* v. *Lockwood,* 17 Wal. 357; *Smith* v. *N. Y. C. R. R.,* 24 N. Y., 222; *Bissell* v. *N. Y. C. R. R. Co.,* 25 id., 442; *Poucher* v. *N. Y. C. R. R. Co.,* 49 id., 263; *Ominger* v. *N. Y. C. R. R. Co.,* 6 T. & C., 498, 501.)

MILLER, J. The defendant seeks exemption from liability for the injuries sustained by the plaintiff's intestate upon the ground that the intestate was bound by the terms of the contract entered into between the defendant and the express company, and that such contract exonerates the defendant from liability for negligence.

The original contract between the defendant and the express company, provided that the defendant should transport, free of charge, the money-safes, contents and messengers of the express · company, " the party of the first part assuming no liability whatever in the matter." By the subsequent modification of the contract, provision was made that the railway company should assume the usual risks upon express matter, except that they should not assume any risk or loss upon any money, etc., for which, with the express company's safes and messengers no charge for carriage was to be made, and the latter were to pass free of charge. The condition referred to was general in its character, and evidently related to the liability and duty of the defendant in its ordinary dealings with the express company. It does not purport to control or adjust any other rights or duties. It contained no provision, and there was no agreement that the company should not be liable for negligence, and the scope of the contract is not to be extended beyond what was evidently intended and was in the contemplation of the parties. Conceding the doctrine that the defendant had a right to protect itself by contract, from any liability for negligence on the part of its employes, such protection cannot be invoked unless the contract contains a provision to that effect. None of the cases which hold that the defendant is exonerated under a special contract, go to the extent claimed or affect a contract of the character of the one now presented. In *Smith* v. *The*

*New York Central Railroad Company* (24 N.Y., 222), the con-
tract was, that "persons riding free to take charge of the stock,
do so at their own risk of personal injury from whatever
cause." The ticket also provided that such person takes "all
the responsibility as to the injury of himself and stock." In
*Bissell* v. *The Same* (25 N. Y., 442), the contract was the
same as in the last case cited, and on the ticket was an
agreement that the company should not be liable under
any circumstances, "whether of negligence of their agents
or otherwise," for any injury to the person or stock. In
the prevailing opinions in this case, the decision is placed
upon the terms of the contract and some stress is laid
on the same; but as such contract expressly provided that
the person riding did so at his own risk of personal
injury, I do not see that it bears any analogy to a con-
tract which contains no such clause and does not stipulate
against personal risks. In *Poucher* v. *The New York Cen-
tral Railroad Company* (49 N. Y., 263), the contract provided
against negligence of the defendant or its agents or other-
wise. (See, also, *Stinson* v. *New York Central*, 32 N. Y.,
333.) It will thus be seen, that in each the cases cited there
was an express provision which evidently guarded against every
kind "of personal injury from whatsoever cause," which
might, perhaps, include such as might arise from negligence.
While here no language is employed which can be fairly
interpreted as aimed against negligence, it would, I think,
be extending the purpose and scope of the contract in this
case far beyond its legitimate object, to hold that it was
designed to protect the defendant against its own negligent
acts. The English cases which are cited and which have been
examined do not establish the proposition contended for, and
no case has been referred to — where it is held, that any
language, except such as was entirely clear and unmistakable
in its terms, will exempt a railroad company from liability for
negligence. It may also be observed that there is quite a
distinction between cases where damages for injuries are
expressly provided against, or where the traveler agrees to be

carried at his own risk and those where the contract states generally, that the carrier assumes no liability. If the views enunciated are correct, then the defendant would not be exonerated from liability for negligence where the messenger was injured, and it would seem to follow that one who was temporarily injured in his place would stand in the same position.

There is no provision in the contract which prevents the employment by the express company, of any person as a messenger, or in the place of such messenger, when, for any reason, he is prevented from attending to his duties. The intestate therefore was lawfully upon the cars and entitled to the same protection as the messenger whose place he filled. The circumstances presented bear no analogy to that of a person who is invited by a conductor without authority, and contrary to the regulations of the company, to ride upon a train which is not intended to carry passengers without paying his fare, as was the case in *Eaton* v. *Delaware, Lackawanna & Western Railroad Company* (57 N. Y., 382). For the reasons already stated, without considering the other questions raised, the judgment was right and must be affirmed.

Allen, J. Upon a reasonable interpretation of the contracts between the defendant and express company, there is no stipulation that the persons riding free, as messengers of the latter company, shall take and bear all risks of personal injury, without recourse to the carrier for compensation for damages sustained through its negligence, or the negligence of its servants. There is no provision in terms restricting the liability of the railway company to the messengers of the express company, or distinguishing the latter from other passengers carried upon the road, or who may be lawfully on the trains as passengers. Without an express exemption, provided by contract, the defendant is liable for the consequences of its negligence, or that of its servants, to all persons traveling and carried upon its trains, as messengers or agents of the express company, to the same extent as to other pas-

sengers. (*Nolton* v. *W. R. Corporation*, 15 N. Y., 444.) The clause in the contract of 1858, relating to this subject, was abrogated by the third paragraph in the contract of 1871, which covers the whole subject, and makes provision for the carriage of the passengers of the express company, without charge, and limits the exemption from liability to risks or loss on money, bank notes, bonds, gold, bullion or jewelry packages. These packages, with the safes and messengers of the express company, are to be carried free of charge, but the latter are not included within the clause exempting the carrier from liability, but are only included within the exemption from charges for carriage. The contract of 1858, in this respect, is ambiguous, and does not clearly and certainly exempt the railway company from liability for personal injury to the passengers carried under it, resulting from negligence. An exemption can only exist when expressly created by contract, and can only be claimed here upon a strained construction of the contract. But this ambiguity is cleared up by the contract of 1871, and whether the latter contract is the only one to be considered, or both are to be read together, there is no exemption of the railway company from liability to the messengers and agents of the express company. The latter are carried as passengers, the carrier company receiving its compensation from the incidental benefits of the contract, and it must respond to them as to others for injuries caused by negligence.

This leads to an affirmance of the judgment, without considering the other questions raised.

EARL, J. (dissenting). I will briefly state the grounds of my dissent from the conclusion reached by my brethren. In the first contract the defendant agreed to transport, free of charge, the " money-safes, contents and messengers " of the express company, " assuming no liability whatever in the matter." In the second contract it is provided that the former contract shall continue and be binding on the parties except as modified by that contract, and the third clause of

that contract is as follows: "It is further agreed that the Erie railway shall assume the usual risks taken by railroads on the express matter of the parties of the second part, excepting that the railway company shall not assume any risk or loss on any money, bank-notes, bonds, gold, bullion, or jewelry packages, and for which, with the express company's safes and messengers, no charge for carriage is to be made by said railway company." This clause contains a more minute specification of the things which were to be carried free of charge and free of risks. It cannot be supposed that it was intended to so alter the first contract that while the railroad company should be bound to continue to carry the safes and messengers free of charge, it was to assume risks in reference to them. Both contracts showed that it was the intention of the parties that the railroad company was to assume no liability in reference to any thing which it was to carry free.

It becomes important, then, to inquire into the meaning of the language used in the first contract exempting the defendant from liability in reference to express messengers. The language is as comprehensive as it well could be: "assuming no liability whatever." What did the parties mean? Railroad companies do not insure the safety of persons lawfully riding upon their cars. (*McPadden* v. *The N. Y. C. R. R. Co.*, 44 N. Y., 479.) They are liable to such persons only in case they are injured by some kind of negligence. Hence, unless the language used was intended to exempt the defendant from liability for injuries occasioned by negligence, it has no meaning or force whatever. The parties must be held to have used the language for some purpose, and that purpose clearly was to exempt the defendant from liabilities which would otherwise rest upon it.

But it is claimed that the messenger was not bound by this agreement, in the absence of proof that he knew of it and thus can be held to have assented to it. He was not a passenger upon the train. He was upon the train in an express car engaged in the separate business of the express company. He was in that car lawfully only as he was there

under the agreement.   He knew that he had not paid any fare, and that he had made no contract for his carriage.   He must have known that he was there under some arrangement between the express company and the defendant, and that whatever right he had to be transported was as the servant of the express company.   He was there not in his own right, but in the right of the express company, and hence he was bound by the arrangement that company made for him.

I am, therefore, of opinion that the judgment ought to be reversed.

All concur for affirmance, except EARL, J., dissenting.

Judgment affirmed.