OLNEY L. CARPENTER, Respondent, *v.* THE BOSTON
AND ALBANY RAILROAD COMPANY, Appellant.

*Railroad company — not liable for the negligence of a postal clerk.*

A railroad company is not liable to a passenger who, while entering the station
for the purpose of taking an approaching train, is struck and injured by mail
bags carelessly and negligently thrown from the mail car by a postal clerk
employed by the United States government.

APPEAL from a judgment in favor of the plaintiff, and from an
order denying a motion for a new trial made upon the minutes of
the justice before whom the action was tried.

The plaintiff was a merchant doing business and residing at
Canaan Four Corners, in Columbia county, and was the traveling
partner of the firm of O. L. Carpenter & Co. On the 6th day of
January, 1876, the plaintiff was the owner of a distance ticket,
so-called, issued by the defendant, upon which there was then due
a certain number of miles travel, and more than enough to pass
him from Chatham Village to Canaan station, on the defendant's
road. With such ticket in his possession, the said plaintiff went to
the defendant's depot at Chatham to take passage on the first train
running east on the road. The eastern train was due as he
approached the depot coming from the east. As he came upon the
platform, the train came rapidly from the west and the engine
passed the plaintiff. As the mail car came opposite him the doors
were thrown open and several mail bags, with their heavy contents,
were violently thrown upon the plaintiff as he was walking on the
platform toward the passenger cars of the train on which he intended
to embark. The weight of mail bags and contents, with the addi-
tional motion of the train, struck the plaintiff upon his left leg near
the knee, twisted him violently around, and threw him prostrate on
the platform, on which he lay beneath said mail bags.

*John Cadman*, for the appellant. It has been repeatedly held
that a postal clerk or mail agent on a railroad train is a passenger.
(*Norton* v. *Western R. R.*, 15 N. Y., 444; *Blair* v. *Erie R. R.*, 66
id., 313; *Price* v. *Penn. R. R.*, Alb. Law. Jour., vol. 22, p. 391.)

" There is no such privity between a railroad company and a passenger as to make it liable for the wrongful act of the passenger upon any principal." (*Putnam* v. *Broadway, etc., R. R. Co.,* 55 N. Y., 113 ; *McPherson* v. *N. Y. Central R. R. Co.,* 44 id., 478.)

*Chas. L. Beale* and *R. E. Andrews,* for the respondent. The defendant is liable to the plaintiff for all injuries resulting to him from the negligent or wrongful acts or omissions of the mail agents or mail carriers upon defendant's trains, even if they are not employes or agents of said defendant. If the mail agents are to be regarded as lessees, then the defendant is liable for their negligence and the injury resulting to the plaintiff therefrom. (*Peoria and Rock Island Railroad* v. *Lane,* 83 Ill., 448; 5 Weekly Digest, 404 ; *Moyer* v. *The Macon and C. Railroad,* 49 Ga., 355 ; *Perry* v. *The Central Railroad Company,* 58 id., 467 ; *York and Maryland Railroad Company* v. *Winans,* 17 How. [U. S.], 39 ; *Bannon* v. *R. R. Company,* 5 Wall. [U. S.], 90 ; *Nelson* v. *The Vermont and Canada Railroad Co.,* 26 Vt., 717; *Finnegan* v. *The Illinois Central R. R. Co.,* 21 Ill., 646 ; *Thorpe* v. *New York Central R. R. Co.* [Ct. of App.], Alb. L. Jour., May 10, 1879 ; also, *Same* v. *Same,* L. Jour., May 10, 1880 ; *Bryant* v. *Rich,* 106 Mass., 180 ; 8 Am., 311 ; id., 451 ; *Shirly* v. *Billings,* 8 Bush [Ky.], 147 ; *Skinner* v. *L. B. and S. Railway,* 2 Eng. L. and Eq. Rep., 360 ; *Peters* v. *Rylands,* 20 Penn., 497.) But if said mail agents or carriers were not the technical lessees of defendant's road, but were merely entitled, under a contract with defendant, to run their own car, or a hired car, exclusively occupied by them, over the track and attached to the train or drawn by the locomotive of the defendant, and, if in so doing, any injury resulted to plaintiff from the negligence of such mail agents, while their car was on said track attached to said train, or propelled by said engine, the defendant is liable therefor. (*Lane* v. *The Peoria and Rock Island R. R. Co.* [above cited], 5 Weekly Dig., 404 ; 83 Ill., 448 ; *Thorpe* v. *The New York Central and Hudson River Railroad Company,* 5 Weekly Dig., 556 ; *Rawle* v. *Deshler,* 3 Keyes, 572 ; *State* v. *Mersereau,* 64 N. Y., 138 ; *Robinson* v. *N. Y. C. and H. R. R. R.,* 3 Weekly Dig., 56 [Ct. of App., April 18, 1878] ; 64 N. Y., 138 ; *Pallett* v. *Lang,* 56 id., 200 ; *Barnet* v. *Third Avenue R. R. Co.,*

45 id., 628; *Schapman* v. *The Boston and Worcester R. R. Co.*, 9 Cush., 24; *McChay and Wife* v. *The Nashua and Lowell R. R. Corporation*, 4 id., 401; *Eaton* v. *The Boston and Albany Railroad Company*, 11 Allen, 500; *Flint* v. *Norwich Transportation Co.*, 34 Conn., 554; U. S. S. C., 13 Wall., 3; 6 Blatchf., 158.) If the mail carriers are to be regarded simply as passengers of defendant transported with their charge (mails, packages, etc.), for hire like express agents, still their negligence or wrongful acts, causing injury to others who were passengers, or persons rightfully in the cars or upon the platforms, etc., of the defendants, would render the defendant liable to injured parties for injuries they inflicted or occasioned. (*Flint* v. *The York and Norwich Transportation Company, supra; The New Orleans, St Louis and Chicago R. R. Co.* v. *Burke*, 53 Miss., 200; 24 Am., 689; *Pittsburgh and Connellsville R. R. Co.* v. *Pillau*, 18 id., 424; 76 Penn., 510; *Hemson* v. *The European and North America R. R. Co.*, 62 Me., 84; 16 Am., 404; *Goddard* v. *The Grand Trunk Railway Co.*, 57 Me., 202; S. C., 2 Am., 39; 27 Maryland, 277; *Carroll* v. *Staten Island Railroad Co.*, 58 N. Y., 126; *Rawles* v. *Deshler*, 3 Keyes, 572; *Barnet* v. *Third Avenue Railroad Co.*, 45 N. Y., 628; affirming 1 Sweeney, 568; *Kunnell* v. *Bonfriend*, 2 Daley, 155; *Sheridan* v. *Brooklyn and C. R. R. Co.*, 34 How., 217; N. Y. Weekly Dig. [Jan. 13, 1878], 497; *Fletcher* v. *Broddick*, 2 New Reports, 182; New Reports, 44, 47, Geo. III, sometimes cited as 5 Bosanquet and Puller in America; *Rogers* v. *Rogenda Drutt*, 2 W. R. P. C., 51, Digest page 298; *Sheridan, administrator,* v. *The Brooklyn and Newton Railroad Company*, 36 N. Y., 39; *Nathan* v. *The Western Railroad Corporation*, 15 id., 444; *Flint* v. *The New York and Norwich Trans. Co.*, 13 Wall., 3; *Burke* v. *The New Orleans and Chicago R. R.*, 13 Miss., 200; 24 Am., 689; *Pillou* v. *The Pittsburg and C. R. R.*, 18 id., 424; 16 id., 404; *Bryant* v. *Rich*, 106 Mass., 180; 8 Am., 311; *Goddard* v. *Grand Trunk Railroad*, 57 Me., 202; 2 Am., 39; also, 27 Md., 277.)

BOOKES, J.:

The immediate cause of injury here complained of was an act of gross carelessness on the part of "the postal clerk" in the employ of the United States government, while on duty on the defendant's

road. The legal relations between the defendant's company and this person was that of carrier and passenger. (*Price* v. *Penn. R. R. Co.*, 22 Alb. L. J., 391.) This is so held in our own State in the analogous cases of express messengers and herdsmen riding on trains under contract with the company for the transportation of property in their charge. (*Blair* v. *Erie R. Co.*, 66 N. Y., 313.) And it is decided in *Putnam* v. *B'way and Sec. Av. R. R. Co.* (55 N. Y., 108), that a railroad company is not liable for the wrongful acts of a passenger, save as it is bound to exercise the utmost vigilance in maintaining order and guarding its passengers from violence. In this case Judge ALLEN says: "There is no such privity between a railway company and a passenger as to make it liable for the wrongful acts of the passenger upon any principle;" and the learned judge cites with approval the doctrine laid down in *Pittsburg, F. W. & C. R. R Co.* v. *Hinds* (53 Penn. St. R., 512), on this point. It is difficult to see how or on what principle the defendant's company can be held liable in this case for the careless and wrongful act of the "postal clerk" in throwing the mail bags from the train. He was in no respect the agent or servant of the company. He was not engaged in its business, nor was he at all subject to its direction or control any more than was any passenger on the train. Suppose that this "postal clerk" or any passenger had leaped from the train under the same circumstances as attended the throwing off of the mail bags, and had thus caused the injury to the plaintiff here complained of, would the railroad company have been liable therefor? Certainly not. The company could not be held liable in such case, and for the plain reason that the act was not the act of the company, nor of its agent or servant, nor did it pertain to the business of the company. Such act the company was not bound to anticipate. The company could not assume that a passenger would commit a wrongful act; so it was not bound to anticipate its occurrence.

It is urged that the company were negligent in not furnishing some safeguard or protection to persons who might be injured by the act of the "postal clerk" in throwing the mail bags from the train. But if they were thrown off with proper observation and care, no injury could result from such act to which liability would attach. So the company had the right to believe, and to

base its conduct upon such belief, that the "postal clerk" would act with due prudence. There was consequently no negligence in omitting to make provision against an improbable emergency under the broadest rule of obligation; the company was bound to provide against such dangers only as could be reasonably anticipated or naturally expected to occur. (*Cleveland* v. *N. J. S. Co.*, 68 N. Y., 312, 313.)

This rule of duty was considered by Judge FOLGER in the case cited, and also by Judge GROVER in *Dougan* v. *C. T. Co.* (56 N. Y., 7, 8.) In the latter case, it is said that the defendant was bound to provide only against such dangers as would be reasonably apprehended by prudent persons.

That was a case where a passenger on the defendant's boat slipped from the gangway, only protected by a single bar about three feet above the deck. The learned judge said "the evidence showed that all the passenger boats upon the lake had been constructed and run in the same way in this respect; that boats had so been run for a great number of years, and there was no proof tending to show that anyone had ever before fell and gone overboard under the railing, or that any such danger had been apprehended by any one. It was obvious that no such thing was likely to occur." And the learned judge further remarked : "When, as in the present case, numerous boats constructed in this same way had been run for years with perfect safety to the passengers, where there was no ground for supposing that any passenger, ever permitted to be there, would fall under the railing, to find negligence from a failure to board up the space so as to preclude such a possibility, could not be justified." In that case it was held that there was no question to be submitted to the jury. This subject is also treated by Judge ALLEN, in *Putnam* v. *Broadway and Second Avenue Railroad Company* (above cited), in a like line of reasoning. It is there laid down as a sound rule of law that a party is only answerable, as for negligence, for omitting to provide against those dangers which might be reasonably expected to occur, such as might be foreseen by ordinary forecast; and this, too, is the doctrine of *Cleveland* v. *N. J. S. Co.* (68 N. Y., 312, 313). Giving application to these well settled principles, it seems impossible to hold the defendant's company liable in this case. The plaintiff must seek redress for his injuries against the "postal clerk"

or against the principal in whose business he was engaged. That the "postal clerk" is irresponsible, pecuniarily, or that redress cannot be obtained against his principal in this case, is no ground for casting liability upon the defendant's company.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

BOARDMAN, J., concurred; LEARNED, P. J., taking no part.

Judgment and order reversed, new trial granted, costs to abide event.