MARY A. SEYBOLT, AS ADMINISTRATRIX, ETC., OF DANIEL H. SEYBOLT, DECEASED, RESPONDENT, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Postal clerk traveling in a postal car is to be regarded as a passenger — his right to recover for a negligent injury received from the company is not affected by the fact that the company has given him a conditional pass.*

The defendant carried the mail for the United States without any special contract under the provisions of the United States Revised Statutes, which require the cars to be properly fitted up for the accommodation of the clerks to accompany and distribute the mails. Upon the requisition of the proper government officer passes were issued by the defendant for the clerks employed in caring for and sorting the mails so carried. A pass was issued to the plaintiff's intestate, who was a clerk in the employ of the post-office department, which provided that the person accompanying it assumed, in consideration therefor, all risk of accident, and expressly agreed that the company should not be liable under any circumstances, whether of negligence of their agents or otherwise, for any injury to the person, and that he would not consider the company as common carriers, or liable to him as such.

In this action, brought to recover damages for the death of the plaintiff's intestate, alleged to have been occasioned by the negligence of the defendant:

*Held*, that the clerk was entitled, under the contract between the government and the defendant, to protection as a passenger.

That he was not affected by the terms and conditions of the pass, which were not a part of the contract made with the government, and were not sustained by any consideration.

That he was entitled to recover. (DYKMAN, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the damages sustained by the

plaintiff by reason of the death of her husband, which was alleged to have been caused by the negligence of the defendant. The intestate, who was a postal clerk, was killed by reason of injuries caused by the train of cars in which he was being thrown from the track. The defendant had, upon the requisition of one of the officers of the post-office department, issued to the intestate a pass, upon the back of which was printed a condition, providing that "the person accepting this free pass assumes in consideration therefor all risk of accident, and expressly agrees that the New York, Lake Erie and Western Railroad Company shall not be liable under any circumstances, whether of negligence by their agents or otherwise, for any injury to the person, or for any loss or injury to the property of the passenger using this pass. And he also agrees that as for him he will not consider the New York, Lake Erie and Western Railroad Company as common carriers, or liable to him as such."

Section 4005 of the United States Revised Statutes requires "that all cars for the post-office railway car service shall be properly fitted up, furnished, warmed and lighted for the accommodation of the clerks to accompany and distribute mails." Sections 4000, 4001, 4002, 4003, 4004, also relate to this subject.

*Lewis E. Carr,* for the appellant.

*J. F Seybolt,* for the respondent.

BARNARD, P. J.:

The deceased was a postal clerk, and the defendant was a carrier of the mails for the government by contract. It was a part of this contract that the postal clerks should be carried free. In such cases the clerks are passengers and entitled to protection as such. (*Blair* v. *The Erie Railway,* 66 N. Y., 313.) The clerk was not traveling upon a free pass. The government officers made requisition for passes under the contract and the defendant sent one, with a condition upon the back of the pass making the recipient agree to waive his right to sue for injuries occasioned by the negligence of the railroad company. This was not a part of the contract between the government and the defendant, nor of the contract between the government and the deceased. There was no basis for such a restriction upon the carrying of the clerk. There was no consider-

ation moving either between the government or deceased and the defendant. The question of fact properly arising upon the evidence having been found in favor of the plaintiff, the judgment should be affirmed, with costs.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

This is an action under the statute to recover damages for causing the death of Daniel H. Seabolt, a postal clerk in the railway mail service, who was killed on the defendant's road on the 22d day of January, 1881, while in the discharge of his duties.

Assuming on the finding of the jury that the death of the deceased man came from the negligence of the defendant, yet very serious questions are presented for consideration.

There was a contract between the United States government and the defendant requiring the latter to carry the mail, and the person in charge of it, but the plaintiff cannot avail herself of that contract to furnish the foundation for this action, because it was made with no reference to her or her intestate. (*Nolton* v. *W. R. R. Co.*, 15 N. Y., 444.) Neither can there be an implication of a contract to exercise care and diligence toward the deceased, because the inference is repelled by the fact that he was not riding under an independent contract, but was riding either in virtue of the contract with the government or on the pass to be mentioned hereafter. At the same time the deceased was a passenger and not an intruder on the train when he met his death, and the defendant was under obligation to exercise some care and skill in his transportation.

This duty arose from the general rule of law which imposes on all persons who undertake a duty, even gratuitously, to exercise some care and skill in its performance, and is entirely independent of any contract. The basis of liability for a failure in the discharge of this duty is negligence, and if there was no waiver of this liability, a recovery may be maintained against the defendant in this action on that principle.

So we are brought to the examination of the question of waiver, which must be predicated on the following facts: A pass was obtained from the defendant by the agent of the government for the deceased, and sent to him, the important portions of which are

as follows : " New York, Lake Erie and Western Railroad Company, January, 1881.   Pass D. H. Seabolt on account United States Post Office Department, free, while on duty this month between New York and Dunkirk, subject to the condition, on the back of this pass."   *   *   *   On the back was this : " The person accepting this free pass assumes, in consideration thereof, all risk of accident, and expressly agrees that the New York, Lake Erie and Western Railway Company shall not be liable under any circumstances whatever of negligence by their agents or otherwise for any injury to the person, or for any loss or injury to the property of the passenger using this pass."   *   *   *

There has been much diversity of judicial opinion respecting the effect to be permitted to similar language on railroad passes, but the right to stipulate for immunity and exemption from responsibility for negligence has been finally recognized and affirmed in this State in many cases in our highest appellate court.   (*Bissell* v. *N. Y. Central R. R. Co.*, 25 N. Y., 442; *Poucher* v. *Same*, 49 id., 263; *Mynard* v. *Syracuse, etc., R. R. Co.*, 71 id., 180.)   The language employed in this case is sufficiently broad and comprehensive to be allowed the effect claimed by the defendant.   It is clear and unmistakable that the defendant "shall not be liable, under any circumstances, whether of negligence by their agents or otherwise, for any injury to the person, or for any loss or injury to the property of the passenger using this pass."

The deceased man received and accepted this pass containing this language, and was in possession of it at the time of his death. Such acceptance constituted a contract between him and the company, by which he waived liability by reason of negligence.

Our conclusion therefore is, that the plaintiff cannot avail herself of the contract between the government and the defendant, because it was not made with or for the deceased ; and that although the defendant owed the deceased the duty of care because it had undertaken to carry him, and he was rightfully on the train, the performance of that duty was waived by the acceptance and use of the pass containing the stipulation for exemption.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment affirmed, with costs.