124 59
125 425

SUSAN F. BREWER, as Admistratrix of HENRY F. BREWER, deceased, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

A person entering into a contract of service with one employer may not, without his knowledge or assent, be made to assume the hazards of a service conducted by another and in which he is not engaged, and so be personally subjected to the consequences of the negligence of the latter, without remedy against him.

In an action brought to recover damages for the death of B., plaintiff's intestate, who was killed while traveling in an express car in one of defendant's trains, by an accident, caused by defendant's negligence, it appeared that B., at the time of his death, was in the employ of the U. S. Express Company, as messenger; that said company had entered into a contract with a railway company, to the rights and duties of which the defendant had succeeded by which said railway company

agreed to transport the messengers of the express company and certain specified property free of charge; the latter assuming all transportation risks and other liabilities arising in respect thereof, and agreeing to indemnify and protect the former therefrom. The responsibility of the railway company in transporting express freight was limited to cases of negligence, it, "in no event, whether of negligence or otherwise," to be responsible for property "carried by the railway company free of charge." There was no evidence that B. had any knowledge or information of the provisions of the contract. *Held,* that defendant was liable; that B. was a passenger and could not, without his knowledge or consent, be chargeable with the stipulations in the contract; and that while, when he entered into the service of the express company he assumed the ordinary hazards incident to that business, there was no presumption or implied understanding that he took upon himself the risks of injury which he might suffer through defendant's negligence. *Seybolt* v. *N. Y., L. E. & W. R. R. Co.* (95 N. Y. 562), distinguished.

*It seems* that, as the contract between the companies did not purport to relieve the defendant from its duty to exercise due care for the protection of the messenger, whatever right it could claim to relief from the consequences of its negligence in that respect arose by way of indemnity upon the stipulation of the express company.

(Argued December 1, 1890; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made September 20, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial made upon the minutes.

This action was brought to recover damages for the death of Henry F. Brewer, plaintiff's intestate, alleged to have been caused by defendant's negligence.

The facts, so far as material, are stated in the opinion.

*D. C. Robinson* for appellant. The motion for a nonsuit should have been granted, as the contract exempted the railroad company from liability. (*Blair* v. *E. R. Co.*, 66 N. Y. 313; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 573; *Steinson* v. *N. Y. C. & H. R. R. R. Co.*, 32 id. 333.)

*Frederick Collin* for respondent. The intention of the contracting parties was not to destroy the rights of the intestate in

case of injury while acting as a messenger, but to indemnify
the railway company against the damages resulting to it from
the enforcement of such rights. (*Mynard* v. *S., etc., R. R.
Co.,* 71 N. Y. 180; *McElwain* v. *E. R. Co.,* 21 Wkly. Dig.
21; *Blair* v. *E. R. Co.,* 66 N. Y. 313; *Magnin* v. *Dinsmore,*
56 id. 168; *Nolton* v. *W. R. R. Co.,* 15 id. 444; *Holsapple*
v. *R., W. & O. R. R. Co.,* 86 id. 275; *Nicholas* v. *N. Y. C.
& H. R. R. R. Co.,* 89 id. 370; *Stinson* v. *N. Y. C. R. R.
Co.,* 32 id. 333; *Black* v. *G. T. Co.,* 55 Wis. 319.) The con-
tract does not, as a matter of law, exempt the defendant from
liability for the negligent killing of the intestate. (*Bissell* v.
*N. Y. C. R. R. Co.,* 25 N. Y. 442–449; *Seybolt* v. *N. Y., L.
E. & W. R. R. Co.,* 95 id. 562–575.) There was nothing in the
contract relations existing between the express company and the
messenger authorizing the company to debar the messenger from
any claim to damages for injuries to his person by the negligence
of the railway company. (*Nolton* v. *W. R. Co.,* 15 N. Y. 444;
*Seybolt* v. *N. Y., L. E. & W. R. R. Co.,* 95 id. 562; *Blair* v.
*E. R. Co.,* 66 id. 313; *Kenny* v. *N. Y. C. & H. R. R. R. Co.,*
54 Hun, 143; *Youmans* v. *C. C. S. N. Co.,* 44 Cal. 71.)

Bradley, J.  The plaintiff's intestate was an express mes-
senger in the service of the United States Express Company,
and as such occupied the express car in a train upon the defend-
ant's railroad on January 23, 1881, when a portion of the train,
including such car, was derailed, and he lost his life. The jury
found that this was occasioned solely by the negligence of the
defendant. The principal ground alleged, by way of defense,
was that the defendant was exempt from liability by virtue of
an agreement made between the Erie Railway Company and
the express company, in 1877, to the rights of that railway
company in which and to its franchises the defendant had
succeeded. That was a contract for the transportation of prop-
erty for the express company, and for that purpose the railway
company agreed to provide suitable facilities.

The third clause of the contract, upon which the main ques-
tion for consideration arises, was as follows: "The railway

company agrees that between all stations on its main and leased lines and branches it will carry free of charge to said express company, its messengers, wagons, horses and grain, not exceeding three car-loads in any one month, and as well all packages of money, bank-notes, bonds, gold, bullion, jewelry and other precious articles, including the safes in which such packages shall alone be transported ; and in consideration of such free carriage said express company hereby assumes all transportation risks and other liabilities whatsoever arising in respect thereof, and agrees to fully indemnify and protect the railway company therefrom."

This provision, in its relation to property which the railway company should transport pursuant to the contract, did not have the effect to relieve or indemnify it against liability for loss or injury which should be occasioned by its negligence. The intent to accomplish that purpose cannot be inferred from general words, but must be distinctly expressed in the contract with the common carrier. (*Magnin* v. *Dinsmore*, 56 N. Y. 168 ; *Mynard* v. *Syracuse, etc., R. R. Co.*, 71 id. 180 ; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 id. 370.)

It is said that this provision of the contract, in its application to the express messenger referred to in it, is not entitled to such application and effect ; and that by it the defendant was exempt from liability for his personal injury and death, although caused by its negligence. It is true that a carrier of persons is not subjected by law to the obligations of a common carrier, nor is a carrier of persons a common carrier in the strict sense of the term applicable to it. While the latter, in the transportation of property, is an insurer of its safe transit, when the obligation is not qualified by contract, the negligence of the carrier of persons is essential to liability for injury to them. The settled doctrine in this state is that a carrier of persons as well as of property, and known as a common carrier, may, by contract, have protection against liability for injury caused by its negligence. (*Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y. 181 ; *Bissell* v. *N. Y. C. R. R. Co.*, 25 id. 442 ; *Poucher* v. *N. Y. C. R. R. Co.*, 49 id. 263 ; 10 Am. R. 364.) But whether in view of the fact that the liability of a

carrier to a passenger can rest on no ground less than that of
negligence, renders it unnecessary to make the stipulation of
the contract definite and distinct in that respect for its relief
from liability, is not necessarily the subject of inquiry or con-
sideration on this review.   It may, however, be observed that
in those cases where the defense has been sustained the con-
tract has, by its terms, plainly guarded the carrier against lia-
bility for injury resulting from its negligence.   The provision
before mentioned of the contract contains no stipulation
expressly exempting the railway from liability arising from
that cause.   But in a later clause of the contract it was pro-
vided that " The railway company agrees to assume the usual
responsibility of railway companies in transporting express
freights, such responsibility being, however, expressly limited
to cases of negligence in running and handling its trains.   But
in no event, whether of negligence or otherwise, shall the rail-
way company be responsible, and it is hereby released from,
and the express company hereby assumes, all liability for
money, bank-notes, jewelry, bullion and precious packages
hereinabove provided to be carried by the railway company
free of charge."   This is the only provision of the contract
specifically expressing any relief from the consequences of the
negligence of the last-named company ; and it may be that its
protection from liability from such cause was intended to be
limited by and made dependent upon that clause.   And in
that view the provisions of the third clause of the contract
may have been intended to furnish the means of indemnity to
the railway company so far as the express company assumed
the risk and undertook to indemnify and protect it from lia-
bility.   These considerations bear upon the construction of
the last-mentioned provision of the contract, and if the mes-
senger had been advised of it, the question may have arisen
whether, in its application to him, the liability of the defend-
ant would be deemed to have been any less qualified than in
its relation to the property to which, in common with him, it
there related.   That is to say, whether the general words
apparently applied to the property and to him without dis-

crimination, were entitled to a more extended import as to the messenger than could be given to them in their application to the other objects to which they, in the same connection, also equally related. It, however, does not appear that the plaintiff's intestate had any knowledge or information of the provisions of the contract between the two companies. When he entered into the service of the express company he assumed the ordinary hazards incident to that business in his relation to that company, but there was no presumption or implied understanding that the messenger took upon himself the risks of injury he might suffer from the negligence or fault of the defendant. He was in no sense the employe of the defendant, nor could he, without his consent, be subjected to the responsibilities of that relation. (*Mo. Pacific Ry. Co.* v. *Ivy*, 17 Texas, 409; 10 Am. R. 758.) He was lawfully in the car, having the charge of the property and business there of the express company under its employment; and although he paid no fare to the defendant, was carried by virtue of no contract made by him personally with the latter, and must have understood that he was there pursuant to some arrangement of his employer with the defendant, he was not necessarily, by that fact, chargeable with notice of the provisions in question of the contract. Presumptively he was entitled to protection against personal injury by the negligence of the defendant. (*Blair* v. *Erie Ry. Co.*, 66 N. Y. 313; *Nolton* v. *Western R. R. Co.*, 15 id. 444; *Smith* v. *N. Y. C. R. R. Co.*, 24 id. 222; 29 Barb. 132; *Collett* v. *L. & N. W. R. Co.*, 16 Adol. & E. 984.) And it is not seen how Brewer could, without his knowledge or consent, be placed in such relation to the defendant as to relieve it from liability to him for the consequences of its negligence affecting him personally. His contract of employment with the express company for its service did not, so far as appears, impose upon him such hazards, nor was he chargeable with the stipulations in the contract between those companies except so far as they, through notice to him or otherwise, entered into that, pursuant to which he went into or remained in the service of the express company. The neg-

ligence of the defendant was the violation of its duty. It was the want of the care to which the plaintiff's intestate was entitled for his protection. This duty and such right did not depend or rest upon contract, but upon the relation as carrier of the plaintiff, and the care which the defendant as such was required to exercise. It is violated duty that furnishes the ground of an action for negligence, and where there is no duty there is no liability for such cause. We are unable to see in principle any legal support for the proposition that a person entering into a contract of service with one employer may, without his knowledge or assent, be made to assume the hazards of a service conducted by another, and in which he is not engaged, and be personally subjected to the consequences of the negligence of the latter without remedy against him. No such question was in the case of *Seybolt* v. *N. Y., L. E. & W. R. R. Co.* (95 N. Y. 562), which arose out of the same disaster.

The contract between the companies did not purport to relieve the defendant from its duty to exercise due care for the protection of the messenger. Nor did the defendant take from it any right to disregard such duty. But whatever right to relief from the consequences of its negligence in that respect the defendant derived from the contract, arose by way of indemnity upon the stipulations of the express company. These views lead to the conclusion that the question of negligence (which fact was supported by evidence) was properly submitted to the jury. And the charge of the court to them, "that the extent of the defendant's obligation to the deceased was to use ordinary care," was as favorable to the defendant as could be required by it. The deceased was a passenger, and, therefore, the refusal of the court to charge to the contrary was not error. (*Blair* v. *Erie Railway Co.*, 66 N. Y. 313.) The location of the express car in the train did not deny to him the benefit of that relation.

No other question requires consideration.

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.