MARY R. SESSIONS, Appellant, *v.* NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondent.

*Money lost by a passenger in a sleeping car — when it may be recovered — burden of proof — duty of a corporation to maintain watch over such a car.*

Where money is lost by a passenger upon a sleeping car, in the absence of proof that such corporation was liable as a common carrier, the corporation operating such car can be charged with liability only on the ground of negligence, in failing to maintain a continued watchfulness over the interior of its sleeping cars while the passengers therein are sleeping.

In an action brought by such passenger against such corporation to recover the amount of his loss, the burden of proof is upon the plaintiff to establish negligence on the part of the defendant.

APPEAL by the plaintiff, Mary R. Sessions, from a judgment of the County Court of Chautauqua county in favor of the defendant, entered in the office of the clerk of the county of Chautauqua on the 30th day of December, 1893, upon the decision of the court reversing the judgment of a justice of the peace of the city of Jamestown, Chautauqua county.

*W. L. Sessions*, for the appellant.

*C. R. Lockwood*, for the respondent.

DWIGHT, P. J.:

The action was to recover the sum of thirty dollars and seventy-five cents, alleged to have been lost by the plaintiff, through the negligence of the defendant's servants, while she was a passenger on board a sleeping car of the defendant's road. The action was tried by the justice without a jury, and judgment was rendered in favor of the plaintiff. On appeal to the County Court that judgment was reversed, and from the judgment of the County Court this appeal was taken.

The money was lost from the personal custody of the plaintiff. It was in a portmonie which was inclosed, with a jewel case, in a small velvet bag, which she carried in her hand satchel, and the latter she held in her lap or in her hand from the time of taking her seat in the sleeping car until she retired at night. She and her husband occupied a section, sleeping in the lower berth, and when

they retired the hand satchel was placed between them, and Mr. Sessions testifies that it was between his upper arm and his body. When they woke in the morning the bag was in the same place, only, as the plaintiff testifies, a little lower down in the bed. On rising the plaintiff took her bag and went to the ladies' toilet room at one end of the car and Mr. Sessions to the gentlemen's toilet room at the other end. The latter returned first from the toilet and took a seat in the drawing room, having first asked the porter to make up their section in order that his wife might have a place to sit when she came from her toilet. The evidence shows quite conclusively that the plaintiff did not discover her loss until after she had gone to the toilet room, taking her bag with her. Whether she discovered the loss while there or after her return to her seat her testimony does not disclose. Her only statement on the subject of the discovery is: "After I got up the next morning I opened my handbag and my velvet bag; the jewel case was there, but the portmonie was gone with the money in it." Mr. Sessions testifies: "Soon after plaintiff arose she opened said handbag and informed witness that her money was gone; witness then inquired for the conductor of the sleeping car of the porter," and, upon his coming, "informed him of the loss." The whole narrative shows that this must have been after the plaintiff returned from her toilet; and the porter testifies that a few minutes after they returned to their seats he saw Mr. Sessions looking around, and went to him and he said: "My wife has lost a purse;" that he asked the lady when she had it, and she said she had it in the wash room; that he told her that she had better go and look for it there; that she went, but soon came back and said it was not there, and that it was after this that Mr. Sessions asked to see the conductor of the car, as he wished to report the loss to him. All this testimony of the porter is without contradiction, and it is entirely consistent with the narrative of the the plaintiff and her husband, so far as that narrative goes.

These facts seem trivial, but it is upon them that the question of the defendant's liability depends. It is not contended that the defendant was liable for this money as a common carrier, or as a bailee of any sort; it can be charged with liability only on the ground of negligence, and the only negligence complained of is the failure to maintain a continued watchfulness over the interior of the

car while the plaintiff and her husband were sleeping. That is the duty enjoined by the court in the cases — cited by counsel for the plaintiff — of *Carpenter* v. *N. Y., N. H. & H. R. R. Co.* (124 N. Y. 53) and of *Pullman Car Co.* v. *Gardner* (3 Pennypacker, 78), and it is the only duty the neglect of which is complained of in this case. To quote from the single point made by counsel in his brief of argument on this appeal : " The negligence complained of is that none of the defendant's employees were continually on guard in the car in a position to observe the movements of all persons in the passageway between the sections ;" quoting from the case in Pennypacker (*supra*) the statement, which is also quoted by the Court of Appeals in the case of *Carpenter* (*supra*), as follows : " A corporation engaged in running sleeping coaches, with sections separated from the aisle only by curtains, is bound to have an employee charged with the duty of carefully and continually watching the interior of the car while berths are occupied by sleepers."

It was plainly essential to the plaintiff's case to show that her money was taken from the berth where she and her husband were sleeping. Upon no other theory could the loss have been attributed in any degree to the negligence complained of. But this theory is negatived by the testimony of the porter, above recited, and the testimony of the plaintiff and her husband entirely fails to establish it. As we have pointed out, that testimony shows that the loss was not discovered until after the plaintiff had gone to the toilet room, and it fails to show that it was discovered until after she had returned to her seat in the body of the car. In either case there is a failure to prove the fact essential to a recovery, viz., that the pocket book was stolen from the berth while its occupants were asleep — with a decided balance of the probabilities against that theory — while the burden was on the plaintiff to establish it.

For the failure of proof here pointed out we think the judgment of the Justice's Court was properly reversed, and the judgment of the County Court must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court of Chautauqua county appealed from affirmed, with costs.