William I. Holsapple, Respondent, v. The Rome, Watertown and Ogdensburgh Railroad Company, Appellant.

However broad and general may be the language of a carrier's contract, if it does not specifically and in express terms release him from the consequences of his own negligence, and if the general words may operate without including such negligence, that interpretation will be given to them, and they will not effect such release.

A contract with two railroad companies for the transportation of certain sheep, by its terms, in consideration of a reduction of the charges for freight, released them from liability for injuries to the sheep "caused by burning of hay, straw, or other material used for feeding said animals, or otherwise." The contract contained no words expressly exempting the carriers from liability for their own negligence. A fire occurred in the cars which destroyed a number of the sheep, the loss resulting, as found by the jury in an action brought to recover damages, from the negligence of the defendant, one of said companies, in omitting to supply the train with such appliances as would have enabled those in charge to have stopped it and extinguished the fire before serious damage had resulted. *Held*, that the exemption did not include negligence; and that defendant was liable.

*Cragin* v. *N. Y. C. R. R. Co.* (51 N. Y. 61), distinguished.

Also *held*, that the non joinder of the other company as a party defendant was no ground for a nonsuit, as the action was brought, not upon the contract, but for negligence, for which the party guilty thereof was separately liable.

(Argued June 15, 1881 ; decided October 11, 1881.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made the third Tuesday of November, 1879, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged neg-

ligence of defendant, causing the loss of a number of sheep while being transported over defendant's road.

The sheep were delivered to defendant at Cape Vincent to be transported to Albany, under a contract made by plaintiff with defendant and the New York Central Railroad Company, the portions whereof so far as material, as well as the material facts are set forth in the opinion.

*Edmund B. Wynn* for appellant. The contract and the character of the property exempt defendant from liability for the injury and consequent damages. (*Cragin* v. *N. Y. C. R. R. Co.*, 51 N. Y. 61.) The question asked the witness Conklin by plaintiff as to his opinion of the value of the sheep from the description he had heard of them was incompetent. (*Robertson* v. *Stark*, 15 N. H. 109; *Rochester* v. *Chester*, 3 id. 349; *Peterborough* v. *Jaffrey*, 6 id. 461; 1 Greenl. on Ev. [13th ed.] 494, n. 2.) The plaintiff should have been nonsuited upon the defendant's motion, there being a non-rejoinder of the New York Central Railroad Company as co-defendant. (1 Chitty's Pleadings, 41; *Bridge* v. *Payson*, 5 Sandf. 210; *Gardner* v. *Clark*, 21 N. Y. 399; *Cook* v. *Mancius*, 3 Johns. Ch. 427; *Bridge* v. *Payson*, 5 Sandf. 210, 216; Van Santvoord's Plead. [Moak's ed.] 118.)

*Matthew Hale* for respondent. As to the alleged nonjoinder, it is enough that the objection, if valid, was waived by defendant by not taking it by demurrer or by answer. (Code, § 148.) The contract set up in the answer did not protect the defendant from liability for negligence in not furnishing proper and usual means and appliance for the management of the train on which the sheep were carried. (*Penn* v. *Buffalo & E. R. R. Co.*, 49 N. Y. 204, 208, 209; *Bills* v. *N. Y. C. R. R. Co.*, 63 id. 608; 23 Alb. L. J. 155; *Mynard et al.* v. *The L. B. & N. Y. R. R. Co.*, 71 N. Y. 180; Angell on Carriers, § 214; *Pratt* v. *Ogdensburg R. Co.*, 102 Mass. 557; *S. C.*, 22 Wall. 123; *Powell* v. *Penn. R. Co.*, 32 Penn. St. 414; *Hill* v. *L.*, etc., *R. R. Co.*, 73 N. Y. 351, 354; *Bost-*

*wick* v. *Balt. & O. R. R. Co.*, 45 id. 712, 717.) The evidence that bell-ropes had generally been used on trains of defendant was plainly competent. (*Steinweg* v. *Erie Ry. Co.*, 43 N. Y. 123.) The evidence as to the value of the sheep, given by the witnesses Patrie and Conklin, was competent, although they had not seen them. (*Brill* v. *Flagler*, 23 Wend. 354; *Mish* v. *Wood*, 34 Penn. St. 451; *Whitbeck* v. *N. Y. C. & H. R. R. R. Co.*, 36 Barb. 644; *Orr* v. *The Mayor*, 64 id. 106; *Draper* v. *Saxton*, 118 Mass. 427, 431.) The measure of damages was the market value of the sheep at Albany, their place of destination. (*Sturges* v. *Bissell*, 46 N. Y. 462.) Whether the verdict was contrary to the evidence and excessive cannot be considered here, nor can the decision of the Supreme Court in relation thereto be here reviewed. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 id. 506.)

FINCH, J. We must assume as facts in this case, that the loss of the sheep, to the full extent of the verdict, resulted from the negligence of the defendant corporation in omitting to supply the train with such appliances as would have enabled those in charge of it to have stopped its progress, and extinguished the fire in the stock-cars before serious damage had resulted. The appellant disputes these facts with a force and effect which we very distinctly feel, but to which we are not permitted to yield. The jury have awarded what seems to us, upon the evidence, a very large value for the sheep destroyed, and have ascribed to the delay in stopping the train and seeking to extinguish the fire almost the whole of the resultant loss. If these questions of fact were open to our consideration it is quite probable that we should disagree with the conclusions of the jury. But we are not at liberty to review those conclusions. They were possible inferences from the evidence. The truth was to be sought from among abundant contradictions, and that duty belonged to the jury, and their conclusions upon the facts are not subject to our review. (*Gale* v. *N. Y. C. &*

*H. R. R. R. Co.*, 76 N. Y. 594; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 id. 506.)

Assuming these facts as established, the principal question presented is as to the effect of the transportation contract under which the sheep were carried. By its terms, in consideration of a reduction in the charges for freight, the carriers were released from liability originating in the viciousness or weakness of the animals, or from delays, or in consequence of heat, suffocation or of being crowded, "or on account of being injured, whether such injury shall be caused by burning of hay, straw, or any other material used for feeding said animals, or otherwise, and for any damage occasioned thereby." The agreement contains no words expressly and definitely exempting the carrier from liability for his own negligence, and the question presented is whether, upon any just interpretation, it can be said to create such an exemption. The doctrine of *Mynard* v. *The S. B. & N. Y. R. R. Co.* (71 N. Y. 180) is decisive upon this question. It was there held that where general words, limiting the liability of a carrier, may operate without including his negligence or that of his servants, such negligence will not be within the exemption of the agreement. To this extent, at least, we all concur. However broad or general may be the language of the contract which does not specifically and in express terms release the carrier from the consequences of his own negligence, it will not effect such release if the general words may operate without including such negligence. That is the case here. The precise injury might have occurred which actually happened, without fault or negligence on the part of the carrier. The sheep were burned by a fire which started in the bedding of their cars. That might have happened without the fault or negligence of the defendant or its servants. For such injury the carrier would have been liable at common law, and irrespective of the question of negligence, since it did not originate in the vitality of the freight or its inherent nature and condition. That liability was plainly asserted in the *Mynard Case*, and sustained by the authorities there cited. Our attention has been drawn to others which further

justify the doctrine. (Angell on Carriers, 214; *Pratt* v. *Ogdens-burgh & L. C. R. R. Co.*, 102 Mass. 557; *Powell* v. *Penn. R. R. Co.*, 32 Penn. 414.). It is in this respect that the present case differs from that of *Cragin* v. *N. Y. Cent. R. R. Co.* (51 N. Y. 61). In that case the injury resulted from the vitality of the animals, and their inherent nature and characteristics. For such injury the carrier was not liable at common law, and the general words of release and exemption could not operate at all unless upon the negligence of the defendant. The case was decided upon that precise ground. It has, consequently, no application here, since a common-law liability would have attached to the carriers of the sheep, in the present case, for their destruction by fire, even though the loss had not originated in negligence. Here, therefore, the general and broad words of the release may be operative without including the carrier's negligence, and we adhere to the rule enunciated in the *My-nard Case*, so far as it goes, without doubt or disagreement. It follows that the contract relied upon furnished no defense to the negligence found by the jury.

The remaining questions are not important. We do not think there was error in allowing witnesses who had dealt in sheep, and were acquainted with their varieties and with their market value, to testify to the value of sheep such as those injured. The knowledge of the witnesses was not great, nor their experience wide, but it was enough to make competent their evidence of value. (*Teerpenning* v. *Corn Exch. Ins. Co.*, 43 N. Y. 279.) Nor was the non joinder of the New York Central Railroad Company, as a party defendant, ground for a nonsuit. The action was not brought upon the contract, but for negligence, and the party guilty of the negligence was separately liable for the consequent loss.

The judgment should be affirmed, with costs.

All concur, except MILLER, J., taking no part.

Judgment affirmed.