DORA WHEELER, APPELLANT, *v.* THE OCEANIC STEAM NAVIGATION COMPANY (LIMITED), RESPONDENT.

*United States Revised Statutes, sec. 4281 — written notice to the master of the vessel as to the character and value of articles shipped — the carrier is not liable for pictures shipped by a passenger as baggage.*

In an action brought to recover damages for the loss of certain pictures which the plaintiff had shipped as baggage by one of the defendant's steamers at Liverpool, it was conceded that the plaintiff shipped these paintings without, at the time of their lading, giving to the master, clerk, agent or owner of the vessel a written notice of the true character and value thereof.

*Held,* that section 4281 of the Revised Statutes of the United States, which provides: " If any shipper of platina * * * painting, engravings, pictures, * * * shall lade the same as freight or baggage, on any vessel, without, at the time of such lading, giving to the master, clerk, agent or owner of such vessel receiving the same, a written notice of the true character and value thereof, and having the same entered on the bill of lading thereof, the master or owner of such vessel shall not be liable as carriers thereof in any form or manner," was a bar to this action.

That this law was enacted not only for the protection of the carrier, but also for the protection of the government, in order that merchandise should not come into this country without appearing upon the ship's manifest.

The plaintiff contended that the question as to whether the pictures were baggage should have been left to the jury.

*Held,* that this contention could not be sustained, as they possessed none of the elements of baggage, and it was not possible that they could have been considered as such.

*Held,* further, that the defendant could not be held liable as warehouseman because the contract was with it as a carrier, and it no where appeared that that contract had been fulfilled, and its relation to the merchandise in question changed from that of a carrier to that of a warehouseman.

*Curtis* v. *Delaware, Lackawanna and Western Railway Company* (74 N. Y., 116); *Fairfax* v. *New York Central and Hudson River Railroad Company* (73 id., 167) distinguished.

*Golden* v. *Romer* (20 Hun, 438) not followed.

*It seems,* that the statute does not apply to such articles of jewelry and silverware as would, under the circumstances of the case, be regarded as a proper and legitimate part of the passenger's baggage.

*Carlson* v. *Oceanic Steam Navigation Company (Limited)* unreported, distinguished.

APPEAL from a judgment entered in the office of the clerk of the county of New York on the 21st day of June, 1888, upon an order made at the New York Circuit, dismissing the complaint, with costs.

*H. Aplington,* for the appellant.

*Lawrence Godkin,* for the respondent.

VAN BRUNT, P. J.:

This action is brought to recover damages for the loss of certain pictures belonging to the plaintiff, which she had shipped by one of the defendant's steamers at Liverpool, as baggage. At the close of the plaintiff's case a motion was made to dismiss the complaint upon the ground that, under section 4281 of the Revised Statutes of the United States, the defendant was not liable for the loss of the pictures in question in any form or manner, the same having been laden as baggage on the steamer " Germanic " without, at the time of such lading, giving to the master, clerk, agent or owner of such vessel a written notice of the true character and value thereof ; that the pictures were not baggage, and that the defendant was not liable at common law therefor ; and that there was nothing in the pleadings or proof to indicate any liability on the part of the defendant as a warehouseman after the arrival of the steamship.

Were it not for the decision of one department of this court in the case of *Golden* v. *Romer* (20 Hun, 438), we should think that the last objection was well taken in that the whole tenor of the

complaint shows an intention upon the part of the pleader to recover against the defendants as a common carrier, and not as warehouse-men.    But in the case cited a complaint containing similar allegations was held to justify a recovery against a carrier who had become a warehouseman.    This decision seems to be based upon the cases of *Curtis* v. *Delaware, Lackawanna and Western Railroad Company* (74 N. Y., 116) and *Fairfax* v. *New York Central and Hudson River Railroad Company* (73 id., 167).    An examination of those cases, however, discloses the fact that no question of plead-ing was raised therein, and the only question determined was as to the liability of the carrier who had performed his contract of carriage as warehouseman.    The statutes of the United States seem, however, to be a perfect bar to the plaintiff's right to recover in this action.

The section in question reads as follows: " If any shipper of platina, gold, gold dust, silver, bullion, or other precious metals, coins, jewelry, bills of any bank or public body, diamonds or other precious stones, or any gold or silver in a manufactured or unmanu-factured state, watches, clocks or time-piece of any description, trinkets, orders, notes or securities for payment of money, stamps, maps, writings, title deeds, paintings, engravings, pictures, gold or silver plate or plated articles, glass, china, silks in a manufactured or unmanufactured state, and whether wrought up or not wrought up with any other material, furs or lace, or any of them, contained in any parcel or package or trunk, shall lade the same as freight or baggage on any vessel, without, at the time of such lading, giving to the master, clerk, agent or owner of such vessel receiving the same, a written notice of the true character and value thereof, and having the same entered on the bill of lading therefor, the master and owner of such vessel shall not be liable as carriers thereof in any form or manner; nor shall any such master or owner be liable for any such goods beyond the value and according to the character thereof so notified and entered."

It is conceded that the plaintiff shipped these paintings without, at the time of such lading, giving to the master, clerk, agent or owner of the vessel a written notice of the true character and value thereof, and that, therefore, the shipment came within the terms of the statute, and neither the master nor owner of the vessel became liable as carriers of such pictures in any form or manner.  This

law was evidently enacted, not only for the protection of the carrier, but also for the protection of the government, in order that merchandise should not come into this country without appearing upon the ship's manifest.

The claim that these articles were to be considered as baggage of the plaintiff, because they had been shipped as such, clearly does not take it out of the provisions of the statute, because the provision is that if any such articles shall be laden either as freight or baggage, without giving the notice, the carrier shall not be liable in any form or manner. And although it is argued that the question as to whether these pictures were baggage should have been left to the jury, under the language used by the court in the case of *Curtis* v. *Delaware, Lackawanna and Western Railway Company,* above cited, it is clear that no such question could arise. They possessed none of the elements of baggage, and it was not possible that they could have been considered as such. Where there is any dispute in regard to the evidence, and different inferences may be drawn therefrom, undoubtedly the question must be submitted to the jury; but where there is no dispute and but one inference can be drawn, as in the case at bar, the necessity of submitting to a jury does not exist.

The defendants cannot be held as warehousemen, because the contract with them was as carriers, and it nowhere appears that that contract had been fulfilled, and their relation to the merchandise in question changed from that of carriers to that of warehousemen. They were liable under their contract of carriage, if at all, and that contract is the one which they have broken, if any. They never assumed to act as warehousemen in respect to this merchandise, and nothing was done which imposed upon them that liability. In all the cases cited where the carrier has been held as a warehouseman the contract of carriage had been completed; the goods had been transported and had arrived at their place of destination, and it was after this that they were lost and that liability arose. But in the case at bar there is no evidence that the contract of carriage was ever fulfilled, or that the goods ever arrived, or that the defendants were under any other liability than that of carriers; they have, therefore, a right to avail themselves of the immunity prescribed by the statute in question, because of the manner of the shipment of

the merchandise. Although it is claimed that they may be held liable as warehousemen for accidents during the time of carriage, it does not seem to us that this can be permitted under the particular language of the statute. They are still carriers and their liability depends upon the fact of their having entered upon the contract of carriage and taken possession of the goods under that statute. And as the statute has provided that the carrier shall not be liable in any form or manner for a breach of his contract, it is clear that though his obligation be called by a different name, the statute still applies as the liability originates, because he has been asked as carrier to take possession of the goods in question.

Our attention has been called to the case of *Carlson* v. *Oceanic Steam Navigation Company* (*Limited*), not reported, in which the liability of the defendant for certain jewelry and silverware which were in the plaintiffs' possession as baggage, the notice required by the statute not having been given, was upheld. This decision, however, does not apply to the case at bar, because it was held in that case that the articles lost were part of the plaintiff's ordinary baggage; that they were such articles of jewelry and silverware as under the circumstances would only be regarded as a proper and legitimate part of her baggage, and the provisions of the statute did not apply, as it was not intended to apply to such articles as constituted the necessary baggage of a traveler. In the case at bar, as already seen, these pictures could not, under any circumstances, be considered as a part of the necessary baggage of the plaintiff. We do not see how, under the statute in question, any liability can be enforced against these defendants for the loss of the merchandise under the circumstances proved by the plaintiff.

The judgment should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.