ALEXANDER C. REED *et al.*, Respondents, *v.* JAMES C. FARGO, President, etc., Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Carrier.* *Goods.*—In the absence of a receipt or written contract, and of clear evidence to the contrary, it is the duty of the carrier, for a stipulated price paid to carry safely and safely deliver the goods at the place of destination.
2. *Same.*—In such case, the carrier's liability for the negligence of its servants cannot be restricted by proof of the plaintiff's knowledge of the conditions of its shipping bills or receipts, or by vague and inconclusive evidence of a parol agreement to absolve it from liability.

Appeal by defendant from the judgment of the county court of Seneca county, affirming a judgment of a justice of the peace, recovered for damages for breaking a sewing machine, which the defendant had contracted to transport from Waterloo, N. Y., to Auburn, N. Y.

*Frederick L. Manning*, for respondents.

*J. N. Hammond*, for appellant.

MACOMBER, J.—The machine in question was for sewing heavy leather which was used by the plaintiffs in their manufacture of neck yokes. The plaintiffs had obtained the same at Auburn a few months preceding the time in question, and it was transported to them by the defendant. The defendant's agents at Waterloo being notified that it was the purpose of the plaintiff to return the machine to Auburn, sent to the shop and took it to the railway station. It was mounted on an iron table having four legs, three and a half feet high, the whole of which weighed about 200 pounds. At the station the machine was placed upon its legs at the center of the platform of a hand-truck, two and a half feet high and eight feet long. The platform had stakes in front

and rear, but no railing at the sides. The truck having upon it the machine so placed was dragged by two of the defendant's men, with much effort and labor, between the railway tracks, where the ground was quite uneven, towards the express car where it was to be placed. The machine, so placed upon the car, was manifestly top-heavy, and was liable, by reason of any obstruction or inequalities in the ground, to topple over. No precaution, however, was taken by the men, so far as appears, to prevent the occurrence of such an accident. From the jolting of the truck the machine was overturned, and so broken as to be utterly worthless.

An attempt has been made by the learned counsel for the appellant to show that by the previous knowledge of the plaintiffs or of their agent, there were conditions in the shipping bill or receipts given which would discharge the company from liability in this instance, but no receipt or other written contract was made for this shipment. The attempt to prove a verbal agreement between the agents of the defendant and the plaintiffs that the company should be absolved from liability by reason of taking the machine at the rates provided for encased or crated merchandise was wholly unsuccessful. The liability of a common carrier cannot be restricted by any vague or inconclusive evidence. In the absence of clear evidence to the contrary, the duty of the defendants was, for a stipulated price paid, to carry safely from the plaintiff's store this machine and safely deliver it at the city of Auburn. They failed to do so and consequently are liable to respond in damages.

The amount of the recovery was ninety dollars, which it is shown was the exact value of the machine. The claim of the defendants that their liability was limited to the sum of fifty dollars is not tenable, for the reason that there is no proof that any contract was made thus limiting their liability.

The judgment of the county court should be affirmed.

BARKER, P. J., concurs.

### Note on "Limitation of Carrier's Liability."

Exemption from delay in transit does not relieve from the consequences of the carrier's negligence. Jennings *v.* Grand T. R. R. Co., 127 N. Y. 438.

The carrier may provide, by contract, for a reasonable time for the shippers to give notice of loss or damage as a condition of liability. Id.

Limitation of the liability by contract for its servant's negligence, leaves the company liable for its own negligence. Weinberg *v.* Nat. S. S. Co., 57 Supr. 586.

The statute (U. S. Rev. St., § 4281) which merely removes the liability as carrier, leaves the liability as bailee for hire. Wheeler *v.* O. S. N. Co., 125 N. Y. 155; rev'g 52 Hun, 75.

A person who, by the terms of a contract for the transportation of live stock, was traveling free in charge of the stock, is not a gratuitous passenger, but is entitled to all the rights of an ordinary passenger against the company. Porter *v.* N. Y. L. E. & W. R. R. Co., 59 Hun, 177.

An ordinary bill of lading is not conclusive, as between the original parties, either as to the shipment of goods or the quantity. Rhodes *v.* Newhall, 126 N. Y. 574. As to these matters, it operates merely as a receipt and is open to explanation on the trial by parol evidence. Id. But, when it contains an express provision that any deficiency in the carriage shall be paid by the carrier and deducted from the freight, and any excess in the carriage shall be paid to the carrier by the consignee, the carrier cannot relieve himself from liability for short delivery by showing that he delivered all that he received. Id.

A provision in a shipment bill to the effect, that the carrier will not be responsible for delay in the transit of the property, will not relieve it from the consequences of delay caused by its negligence. Jennings *v.* Grand Trunk R. R. Co., 127 N. Y. 438.

The shipper, who does not receive the shipping bills or have any personal notice of them until after the goods have gone forward, is not chargeable with any of their terms and conditions other than such as the carriers were at liberty to treat as within the authority of the person receiving them in behalf of the shipper. Jennings *v.* Grand Trunk R. R. Co., 127 N. Y. 438.

Unless the intent is expressed in the special agreement, a carrier cannot thereby secure immunity from its own negligence or that of its servants. Kenney *v.* N. Y. C. & H. R. R. R. Co., 125 N. Y. 422. This rule applies to liability for injury to passengers as well as in cases of the carriage of goods. Id. Where a provision is inserted in a contract with an express company that the railroad company "is hereby expressly released from, and guaranteed against any liabilities for any damage done to the agents of the party of the second part, whether in their employ as messengers or otherwise," it will not relieve the railroad company from liability for the

10

death of an express messenger by reason of the negligence of its servants. Id.

A carrier of freight or passengers may lawfully stipulate for exemption from liability for the negligence of itself or servants. Elliot *v.* N. Y. C. & H. R. R. R. Co., 33 N. Y. St. Rep. 861. But such a contract is to be strictly construed. Id. The exemption must be expressed in terms, and general terms of release which may be operative without including negligence, will not exempt from its consequences. Id.

In the case last cited, a railroad company contracted with a telegraph company to carry the latter's employees free of charge "provided they have and exhibit passes in which all responsibility of the railroad company for any loss, or damage or injury shall be waived and released." An employe of the telegraph company was injured while in transportation. In an action brought by him against the railroad company for damages, it was held that the terms of the contract did not exempt the company from liability.

A contract by which, in consideration of a pass and of a reduced rate, a railroad company was released by the consignor from all claim for damages attending the transportation, custody and delivery of live stock, does not extend to injuries received by the plaintiff, who, by the terms of the contract, was traveling free in charge of the stock. Porter *v.* N. Y., L. E. & W. R. R. Co., 59 Hun, 177. The consignor's employe, who was in no respect a party to the contract, was not bound by it, nor barred thereby from his action for personal injuries. Id.

The contract, so far as it purports to exempt the company from liability for its own negligence, must be so construed as not to include any kind or sort of negligence not specifically and expressly stated in it. Zimmer *v.* N. Y. C. & H. R. R. R. Co., 62 Hun, 619; Holsapple *v.* R., W. & O. R. R. Co., 86 N. Y. 278; Mynard *v.* Syracuse B. & N. Y. R. R. Co., 71 Id. 180; Nicholas *v.* N. Y. C. & H. R. R. R. Co., 89 Id. 370; Kenney *v.* Same, 125 Id. 422. However broad or general may be the language of the contract which does not specifically and in express terms release the carrier from the consequence of his own negligence, it will not effect such release if the general words may operate without including such negligence. Id. A carrier may, by express contract with the shipper or owner, limit the extent of his liability in case of loss or injury. Steers *v.* Liverpool, etc., Co., 57 N. Y. 1; Magnin *v.* Dinsmore, 70 Id. 410; Belger *v.* Same, 51 Id. 166; Mynard *v.* Syracuse, etc., R. R. Co., *ante.* There is no valid objection to a contract by which the shipper, in consideration of reduced rates extended to him, agrees in case of damage or loss to accept a specified or limited sum in satisfaction of it. Zimmer *v.* N. Y. C. & H. R. R. R. Co., *ante.*

A receipt by a common carrier for freight which provides that the carrier will not be liable for injuries occasioned by the weather, accidental delays or natural tendency to decay and that such goods are only taken at the owner's risk unless specially agreed in writing to the contrary in the absence of proof of a special agreement, constitutes the whole contract between the parties. Giles *v.* Fargo, 43 N. Y. St. Rep. 65. Such contract

does not in clear and unmistakable terms exempt the carrier from liability for loss caused by his own negligence, and he remains liable for such loss if the evidence establishes the negligence. Id.; Magnin *v.* Dinsmore, 56 N. Y. 168; Westcott *v.* Fargo, 61 Id. 542; Mynard *v.* Syracuse, etc., R. R. Co., 71 Id. 180; Holsapple *v.* Rome, etc., R. R. Co., 86 Id. 75; Nicholas *v.* N. Y. C. & H. R. R. R. Co., 89 Id. 370.

A common carrier has a right to limit his common law liability by express contract, shielding him from damage occasioned even by his own negligence and that of his servants. Grossman *v.* Dodd, 63 Hun, 324. Where a traveler on delivery of baggage to a local express company receives a paper which, from the circumstances of the transaction, he has a right to regard simply as a receipt or voucher to enable him to follow and identify his property, and no notice is given to him that it embodies the terms of a special contract or is intended to subserve any other purpose than as a voucher, his omission to read the paper is not *per se* negligence, and he is not as matter of law bound by its terms. Id.; Madan *v.* Sherard, 73 N. Y. 329. The question whether in a particular case the party receiving such a receipt accepted it with notice of its contents or with notice that it contained the terms of a special contract, so as to require him to acquaint himself with its contents, is one of evidence to be determined by the jury. Id. No such contract arises as a matter of law from the acceptance of a receipt. The company, in order to relieve itself from full liability, is bound to establish a contract. Id.; Sunderland *v.* Westcott, 40 How. 469; Blossom *v.* Dodd, 43 N. Y. 264; Rawson *v.* Penn. R. R. Co., 2 Abb. N. S. 220; Limburger *v.* Westcott, 49 Barb. 283. To make a binding contract in such a case, requires at least the implied assent of the party receiving the instrument. Id.; Woodruff *v.* Sherrard, 9 Hun, 323.

See further on this point, Roth *v.* Hamburg-American P. Co., 35 N. Y. St. Rep. 89; N. Y., L. E. & W. R. R. Co. *v.* Nat. S. Co., 60 Hun, 577.

See note in 3 Sil. (Ct. of App.) 283.