Hatch, J.
While the evidence tending to establish defendant’s negligence was seriously controverted, yet there was sufficient upon that point to submit to the jury, and authorized the finding that the injury complained of was the result of such negligence._ We are not therefore justified in disturbing the verdict for this reason. The claim is made, howevdr, that even though defendant’s negligence be conceded, no recovery can be had, for the reason that at the time of the injury plaintiff had, by effective stipulation, released defendant from all loss or damage occasioned by defendant’s negligence or otherwise, and herein lies the question to be considered. The plaintiff was an employe of the Western Union Telegraph Company; his field of labor embraced the city of Buffalo and also all the territory lying between said city and Syracuse, H.Y., where the telegraph company’s lines ran. When called out of the city use was made of defendant’s road for transportation, and between the telegraph company and defendant a contract had been entered into in and by which mutual stipulations were made, allowing the telegraph company to erect its lines upon the property of defendant, and giving to the latter free use of the lines for the purpose of its business. Upon the subject of the transportation of the officers and employes of the telegraph company the contract provided: “And will pass free of charge the officers and employes of said telegraph company when traveling on the telegraph business of said lines, provided said officers and employes have obtained and have in their possession and exhibit passes of the railroad company (which it will give) in which all responsibility of the railroad company for any loss or damage or inj ary to said officers and employes shall be waived and released in the form usual in such cases.”
Upon the trial defendant offered the contract in evidence and also offered to prove, among other things, that at the time of the accident plaintiff was an employe of the telegraph company and was then riding upon a pass, issued under and in pursuance of the contract, for the purpose of prosecuting the business of said company ; the pass was also referred to as number 278, and proof was offered that it was in the possession of the foreman of a gang of men of which plaintiff was one and provided for the passage of the foreman and twelve men; that at the time of tire accident there was less than twelve men riding thereon. The court excluded this evidence, holding that the facts if proved did not constitute a defense. We think this ruling may be sustained. A long line of decisions in this state has firmly settled the law that *863 a carrier of freight or passengers may lawfully stipulate for exemption from liability for the negligence of itself or servants. It is also equally well settled that such a contract is to be strictly construed, the exemption must be expressed in terms, and when general words of release may be made operative without including negligence of the carrier or servants such construction as will exclude exemption for negligence must obtain. Blair v. Erie Railway Co., 66 N. Y., 313; Holsapple v. Rome, W. & O. R. R. Co., 86 id., 275; McElwain v. Erie Railway Co., 21 Wk. Dig., 21. Applying this rule of construction to the present contract, it is quite clear,'within the foregoing authorities, that there is no exemption from liability for negligence stipulated against. The language is, “ for any loss or damage or injury to said * * "s
employes shall be waived and released in the form usual in such cases.” This was not a contract of release but provided for one which should appear upon the pass, but the record fails to disclose that the pass was offered and if it was, it does not appear what the stipulations were if any upon it, nor was there offer to prove them. No presumption can arise that it contained a release from liability for negligence of the carrier or its servants; on the contrary, every presumption is the other way. Mynard v. S., B. & N. Y. R. R. Co., 71 N. Y, 183; Nicholas v. N. Y. C. R. R. Co., 89 id., 370. If inference could be indulged as to what the pass contained, it could not be extended beyond the language of release provided for in the contract, and as we have already seen that is not effectual to release from acts of negligence. Appellant has contended that the offer of proof was broad enough to show a contract in terms exempting from liability for negligent acts ; if this contention could be upheld we would be confronted with an entirely different question, upon which we express no opinion, as none is needed for the disposition of this case for reasons already stated.
The judgment must be affirmed, with costs.
Beckwith, Ch. J., concurs; Titus, J., did not sit.