MARGARET KENNEY, as Administratrix, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

General words in the contract of a common carrier, limiting its responsibility, will not be construed as exempting it from liability for negligence, when they are capable of other construction; the rule applies both to carriers of persons and goods.

A contract between an express company and defendant, a railroad company, in relation to the business of the former over the road of the latter, provided that defendant should be "expressly relieved from and guaranteed against any liability for any damage done to the agents of" the former, "whether in their employ as messengers or otherwise." K., plaintiff's intestate, a messenger in the employ of the express company, was killed through the negligence of defendant. In an action to recover damages, *held,* that the contract might be read, not necessarily as releasing or preventing an action by employes of the express company against defendant for damages for injuries received while on the road, but as an agreement to indemnify defendant in the event of such an action; and so, that plaintiff was entitled to recover.

Reported below, 54 Hun, 143.

(Argued January 23, 1891; decided February 3, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 19, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages by reason of the death of plaintiff's intestate, alleged to have been caused by the negligence of defendant while decedent was traveling on one of its trains as an employe of the National Express Company as messenger.

The material facts are stated in the opinion.

*John G. Milburn* for appellant. The contract between the express company and the railroad company relieves the defendant from any liability to the plaintiff by reason of the death of her husband, though caused by the negligence of the defendant's employes. (Code Civ. Pro. § 1902; *Bissel* v. *R. R. Co.*, 25 N. Y. 442, 445; Hutchinson on Carriers, § 497; *Carroll* v. *R. R. Co.*, 58 N. Y. 126, 138, 139; *McPadden* v. *R. R. Co.*, 44 id. 478; *Caldwell* v. *Steamboat Co.*, 47 id. 282; *McCawley* v. *R. R. Co.*, L. R. [8 Q. B.] 57; *Alexander* v. *Greene*, 7 Hill, 533; *Wells* v. *N. Co.*, 8 N. Y. 375; *Woolcott* v. *Fargo*, 61 id. 553; *Mynard* v. *R. R. Co.*, 71 N. Y. 181; *Holsapple* v. *R. R. Co.*, 86 id. 275; *Wilson* v. *R. R. Co.*, 27 Hun, 149; *French* v. *R. R. Co.*, 4 Keyes, 108; *Cragin* v. *R. R. Co.*, 51 N. Y. 61; *Bates* v. *O. C. R. R. Co.*, 147 Mass. 255; *Duff* v. *G. N. R. Co.*, 41 L. T. [N. S.] 197; *Gallen* v. *R. Co.*, L. R. [10 Q. B.] 212; *Wells* v. *R. R. Co.*, 24 N. Y. 181; *Perkins* v. *R. R. Co.*, Id. 196; *Poucher* v. *R. R. Co.*, 49 id. 263.) The relations of the plaintiff's intestate to the defendant were governed by the contract between the express company and the defendant (*Blair Case*, 66 N. Y. 320, 321; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562, 573.)

*Moses Shire* for respondent. The agreement or contract between the express company and the West Shore Railroad Company does not relieve the defendant or release the defendant from liability for damages on account or because of the death of her husband, from injuries received through the negligence of the defendant. (*Smith* v. *N. Y. C. & H. R. R. R. Co.*, 24 N. Y. 227; *Blair* v. *E. R. Co.*, 66 id. 319; *Yeomans* v. *C. C. S. N. Co.*, 44 Cal. 71.) In order that a carrier exonerate itself from liability for negligence by contract, the contract must be expressed in unequivocal terms, so that there can be no doubt left in the minds of the parties that the carrier meant by the terms of the contract to relieve itself from liability on account of its own negligence. (*Blair* v. *E. R. Co.*, 66 N. Y. 313.)

GRAY, J.    It was admitted by the defendant that the death of plaintiff's intestate was caused by the negligence of its employes; but it claims to have been relieved of any liability in such an event, by reason of a contract between it and the express company, in whose service the intestate was employed as a railroad messenger.    Whether such was the effect with respect to the claim of the plaintiff, is the main and controlling question in the case.    This contract was between the National Express Company and the defendant, and concerned the business of the express company over the latter's railroad.    It contained a clause in the following words, viz. : "And the said party of the first part (the railroad company) is hereby expressly released from, and guaranteed against any liability for any damage done to the agents of the party of the second part, whether in their employ as messengers or otherwise."

The appellant's argument, in support of its exemption from liability for its negligent acts, relies upon the distinction between those cases where the carrier contracts for immunity from negligence in the carriage of goods, and those cases where the contract is in relation to passengers.    In the one case it is an insurer against the accidents and perils of the journey, while in the latter case the duty of the carrier is only to exercise a certain amount of care, and is liable in a proportionate degree for negligence.    The proposition for which the appellant contends is that, however sound the reasoning, by which contract provisions for exemption from any liability, when expressed in general terms, where the subject is the carriage of goods, are held not to extend to damages occasioned by the negligence of the carrier; in the case of a passenger, the only basis of the carrier's liability is the negligence, and such a provision in the contract would be deprived of all operation, unless it would cover that negligence.

It is then further argued that the relations of the plaintiff's intestate to the defendant were governed by the terms of the contract of the express company, in such wise as to preclude him and, therefore, his administratrix from maintaining any action for damages for injuries caused by negligence.    Our

attention is called to the recent decision of this court, in its Second Division, in the case of *Brewer* v. *New York, Lake Erie & Western R. Co.* (decided January, 1891); the opinion in which discusses the latter proposition of the appellant and holds adversely; namely, that the express messenger was not chargeable with notice of provisions in a contract somewhat similar to those before us.

Our decision, however, is placed upon the ground that this contract does not in unmistakable language provide for an exemption from liability for the negligence of the defendant's employes. The rule is firmly established in this state that a common carrier may contract for immunity from its negligence, or that of its agents; but that, to accomplish that object, the contract must be so expressed, and it must not be left to a presumption from the language. Considerations based upon public policy and the nature of the carrier's undertaking influence the application of the rule, and forbid its operation, except where the carrier's immunity from the consequences of negligence is read in the agreement *ipsissimis verbis.* The doctrine of such contracts was stated by this court in the case of *Perkins* v. *Railroad* (24 N. Y. 196, 206). It was reiterated in the opinion of Judge Allen in *Blair* v. *Railroad Co.* (66 N. Y. 313, 318), and in *Mynard* v. *Railroad Co.* (71 id. 180), Church, Ch. J., reviewing the question at some length, considered the prior decisions of this court and referred to certain decisions in the United States Supreme Court, which held a different doctrine as to such agreements. In recognizing the right of the carrier to contract for its immunity from the results of negligence, he stated the general rule to be that such contracts must be expressed in unequivocal terms. This decision was followed as being decisive of the question in the later decisions in *Holsapple* v. *R. R. Co.* (86 N. Y. 275); *Nicholas* v. *R. R. Co.* (89 id. 370), and *Canfield* v. *R. R. Co.* (93 id. 532).

The cases cited relate to the carriage both of goods and of persons; but no reason exists for making a distinction in the application of the rule that general words and language, cap-

able of other operation, will not be construed to limit the responsibility of the carrier for negligence. The rule is a salutary and a reasonable one. It offers no difficulties in its reduction to practice in the making of contracts, and its reiteration by us in this case is profitable, if it serves to establish it more firmly as a rule for the governance of agreements designed to effect such immunity as is claimed to exist here.

In this case the clause in question is capable of another meaning. It may be read, not necessarily as releasing, or preventing an action by employes of the express company against the railroad company for damages for injuries received while on the road, but as an agreement to indemnify the railroad company in the event of such an action. That would be a perfectly proper agreement for the parties to make, as a part of the consideration for the contract, and while we need not say that such is the construction, we point it out as a possible one.

The appellant's counsel suggested that the significance of releasing and guaranteeing the railroad company was in the operation of the release upon future causes of action for damages by its employes. The distinction is too refined and we cannot agree with him. The insertion of such an agreement entered into the consideration for the whole contract, and, as a continuing agreement, we think the release and guaranty, whatever their operation as between the companies, would have their effect in each particular case as it arose.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.