By the Court.—Freedman, P. J.
The action was brought to recover damages for the alleged negligence of the defendant in loading and transporting 300 Boxes of lemons consigned by the plaintiffs at the city of New York to Doniphan & Co. at St. Joseph, in the State of Missouri, in April of 1889.
The claim of the plaintiffs is that when the lemons were delivered to the defendant to be shipped, they were in good order and sound condition, but that they were shipped in a closed and unventilated box car, which was an unsuitable and improper car for that purpose, and that by reason thereof the lemons rotted and decayed in the course of their transportation.
Upon the trial it appeared that when the lemons were delivered to the defendant, a receipt therefor was given to the plaintiffs. This receipt contained the provision that the defendant will not be liable for injury to any articles of freight during the course of transportation occasioned by the weather, accidental delays, or natural tendency to decay,” and the further provision : “ Fruits and all other perishable goods will only be taken at the owner’s risk of fracture or injury during the course of transportation, loading- and unloading, unless specially agreed in writing to the contrary.”
Upon the face of the receipt there were stamped the words “ Owner’s Risk.”
It also appeared that the plaintiffs kept in their possession, and were accustomed to use, the blanks having *120 this printed contract upon them, so that they were fully informed as to the nature of the contract. Besides this the words “ Owner’s Risk ” were specially and conspicuously stamped upon the receipt.
At the close of plaintiffs’ case, and again at the close of the whole case, the counsel for the defendant moved for a dismissal of the complaint on the ground, among others, that the contract between the parties was solely evidenced by the shipping receipt; that that contract was not violated, and that it expressly exempted the carrier from loss to fruit resulting from heating or decay. The motions were denied and defendant excepted.
Under the doctrine of Falkenau v. Fargo, 35 N. Y. Super. Ct. R., 332, affirmed 55 N. Y., 642, the receipt in question undoubtedly constituted the contract between the parties.
In the course of the trial, however, considerable testimony was allowed to be given concerning an alleged antecedent special contract. It was shown that one of the plaintiffs had a conversation with Mr. Best, an agent for the defendant, in which Mr. Best said that he would guarantee the use of one of the best ventilated cars of the defendant. Mr. Best, on behalf of the defendant, denied that such a conversation had ever taken place. On the argument of the appeal the defendant insisted that the trial judge, on submitting the case to the jury, erred in his charge relative to this so called special contract. The point is not raised by any exception in the case, and in point of fact the trial judge did not submit to the jury the question whether the special contract had or had not been made. The jury were instructed that the plaintiffs could not recover unless they had established negligence in the defendant irrespective of the contract, and that the evidence of the contract was the' shipping receipt. It also appears that no exception was taken to the admission of the plaintiffs’ testimony concerning the said alleged special contract; *121 that no motion was made to strike out the testimony; that no request was made to charge the jury with reference to it; and that no exception was taken to that portion of the charge hi ivhich the trial judge incidentally alluded to it. Under these circumstances the claim of the defendant that error was committed in respect to the alleged special contract, must be disregarded, and the case must be treated as if the testimony bearing upon this point had not been given.
For the purposes of the appeal, therefore, the receipt above referred to constitutes the whole contract between the parties, and as that does not in clear and unmistakable terms exempt the defendant from liability for loss caused by his own negligence, he remains liable for such loss, if the evidence establishes the negligence. Magin v. Dinsmore, 56 N. Y., 168; Westcott v. Fargo, 61 Ib., 542; Mynard v. Syracuse, etc., R. R. Co., 71 Ib., 180; Holsapple v. Rome, Watertown & Ogdensburg R. R. Co., 86 Ib., 275; Nicholas v. N. Y. C. & H. R. R. R. Co., 89 Ib., 370.
Upon the question of negligence considerable testimony was given at the trial as to what are proper cars for the transportation of lemons, and it may be deemed to have been established that, by custom, lemons are shipped in winter in refrigerator cars and in warm weather in ventilated cars. But it was also made to appear that in the early fall or late spring lemons are frequently shipped in closed and unventilated box cars, and that, if the consignor desires any other car at those periods of the year, he makes a special contract or gives specific directions. In the case at bar, the lemons were shipped April 29th, and consequently, with the question of the special contract out of the case and there being no evidence that specific instructions were given, the jury were at liberty to find that the defendant was left free to use his own judgment, and that, if he erred in judgment, it did not constitute negligence. Upon this branch *122 of the case certain exceptions were taken by the defendant to the exclusion of evidence which require consideration.
Dominicus Wegman, a dealer in fruits and president of the Foreign Fruit Exchange, was called as a witness on behalf of the plaintiffs and testified that there is a custom, in the fruit trade to ship lemons in a ventilated car in warm weather. On cross-examination he was asked by defendant’s counsel:
Q. Do you know, whether, as a matter of fact, the shippers are in the habit of selecting what kind of cars lemons should go in during the spring and fall, or whether the transportation companies are in the habit of using their own judgment ?
The question was objected to by plaintiffs’ counsel as irrelevant. The objection was sustained and the question excluded, and the defendant excepted.
The witness was then asked:
Q. Are you able to say whether during the spring and fall, during that period that intervenes between cold weather and hot weather, the various transportation companies which handle lemons are in the habit of selecting the car, using their own judgment, or whether the shippers are in the habit of giving instructions to the transportation companies ?
The question was objected to by plaintiffs’ counsel on the same ground. The objection was sustained and the question excluded, and the defendant excepted.
The exclusion of these questions constituted error. The fact sought to be elicited was relevant and material, and the answers to the questions, if favorable to the defendant, might have turned the scales in favor of the defendant, for upon this point the case was, to say the least, a very close one.
Other instances of the exclusion of testimony to the prejudice of the defendant might be cited, and especially the refusal of the trial judge to permit Edwin M. Hills, *123 one of the plaintiffs, to be cross-examined upon the point whether it is not always customary when a ventilated car is ordered for the shipper, to put on the shipping receipt which he makes out, “Ventilated Car,” but the instances already given are sufficient to show that a new trial must be had.
I regret that I had to arrive at this conclusion, because on the question on which the most stress was laid, namely, the ability of the plaintiffs to maintain the action, the learned trial judge was right in holding that, under the special circumstances of this case, the plaintiffs, as consignors, have sufficient title to maintain the action.
The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.
McAdam, J., concurred.