# THE

# New York Supplement

## VOLUME 32.

---

(11 Misc. Rep. 366.)

### TUCKER v. PENNSYLVANIA R. CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

CARRIERS—NEGLIGENCE—FREEZING OF GOODS.

A carrier to which fruit was delivered for shipment when the temperature was below freezing point is not negligent in forwarding the fruit on the day of receipt, instead of retaining it in storage until warmer weather. 30 N. Y. Supp. 811, reversed.

Appeal from city court, general term.

Action by Robert A. Tucker against the Pennsylvania Railroad Company. From a judgment of the city court (30 N. Y. Supp. 811) affirming a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Henry Galbraith Ward, for appellant.

George W. Poucher and Charles Caldwell, for respondent.

BISCHOFF, J. Plaintiff delivered to the defendant 40 boxes of lemons for transportation from New York to Milwaukee. While in transit the goods were injured by frost, and the plaintiff recovered for the injury upon the theory that it occurred through the defendant's negligent manner of shipment. To us it clearly appears that upon the issues submitted to the jury there was no evidence to charge the defendant with negligence, or with any breach of its legal duty to the plaintiff. The damage to the goods is claimed to have occurred by reason of their shipment in a "box car" at a time when the temperature was under 32 degrees, this class of vehicle not being constructed with a view to the exclusion of cold, and the temperature being lower than the degree noted upon the day when delivery was made to defendant and the goods forwarded. From the record it appears that there were two classes of cars by which shipment could have been safely made,—refrigerator cars and Eastman cars;

v.32N.Y.s.no.1—1

the former class being constructed merely to exclude cold in winter, and the latter having the additional safeguard of artificial heat. The evidence shows that these cars were known to the plaintiff to be furnished only upon special arrangement. Upon the shipping receipt tendered by plaintiff on delivery of the goods to defendant he had stamped the words "Refrigerator car." These words were erased by defendant's agent, and the receipt was returned to plaintiff, stamped, "Not to be loaded in refrigerator car." The only cars shown to have been available or in any way suitable for shipment of the goods were box cars, "refrigerator," and "Eastman" cars, and the trial justice instructed the jury that the defendant was under no duty to ship by cars of the two latter classes, but left the question "whether or not the loading of the lemons on that day, the weather being in the condition testified to, was lack of ordinary care," to the jury for determination. Of what, then, was this assumed negligence predicable? Solely of the defendant's act in forwarding the goods upon the day of their receipt by the proper variety of vehicle. By their verdict the jury necessarily found that the defendant failed of its duty in that it did not retain the goods in storage when received, pending a more propitious state of the temperature. No such duty attached to this defendant. As carrier, it agreed to transport the goods, and its duty with regard to their shipment called for reasonable expedition in forwarding them after their receipt, with perhaps some duty of greater expedition in the case of perishable goods, and unreasonable delay rendering it liable for resulting damages (2 Am. & Eng. Enc. Law, p. 841 et seq.; Tierney v. Railroad Co., 76 N. Y. 305, and cases cited), but it is no part of the law of this state that a carrier should, in the course of his duty as such, assume the functions of a warehouseman for the purpose of delaying transit of goods after the consignor has himself selected the time of shipment. Judgments of general and trial terms below reversed, and new trial ordered, with costs to appellant to abide event. All concur.