(12 Misc. Rep. 117.)

### TUCKER v. PENNSYLVANIA R. CO.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

EVIDENCE—ADMISSIONS IN PLEADING.

In an action against a carrier for injuries to fruit while in transit, an averment in the answer that defendant "is a common carrier engaged in the business of forwarding and transporting goods, and that it agrees to carry goods received by it for transportation in a safe and careful manner," merely states the legal duty of a carrier, and is not an admission of an allegation in the complaint that defendant agreed to provide suitable care and conveyances for the proper and safe transportation of the goods.

Motion by plaintiff (respondent) for reargument. Denied.

For decision on appeal, see 32 N. Y. Supp. 1.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles Caldwell, for plaintiff.

Robinson, Biddle & Ward, for defendant.

BISCHOFF, J. Upon this motion the point is made that the court overlooked, or failed to give proper significance to, what is claimed to be an admission by the answer of the allegation contained in the complaint, that "defendant * * * agreed to provide suitable care and conveyances for the proper and safe transportation of said lemons." This admission in fact was "that it [defendant] is a common carrier engaged in the business of forwarding and transporting goods, and that it agrees to carry goods, etc., received by it for transportation, in a safe and careful manner." This is merely a statement of the legal duty of a common carrier, and does not affect the fact that here nothing was shown upon which a failure of duty with regard to transportation in a safe and careful manner was predicable, under the charge delivered at the trial. According to the plaintiff's testimony, only the three varieties of cars noted in the case were used by defendant in the transportation of lemons. This he knew when tendering the goods for shipment. There is no proof that other cars, suitable and safe for transportation of such goods, were at the command of defendant,

or that any other varieties were employed at that time by carriers in general for the carriage of fruit. As we said in the opinion heretofore handed down (32 N. Y. Supp. 1), the jury were instructed that no duty rested upon the defendant to ship the goods in "re-frigerator" or "Eastman" cars, and it appeared that the facilities remaining to the defendant for transportation, as called for in accordance with its duties, were duly employed. From the testimony of defendant's receiving clerk, it appears that knowledge of the fact that the goods were of a nature such as would be injuriously affected by cold was imputable to defendant; and, in view of further evidence in the case that the latter customarily used refrigerator and Eastman cars for transportation of fruit during the winter months, it would appear that the question whether, under the circumstances of the case, its duty did not require it to make use of an Eastman car after having accepted the goods for transportation, should have been left to the jury. Wing v. Railroad Co., 1 Hilt. 243; Steinweig v. Railway Co., 43 N. Y. 127; Tierney v. Railroad Co., 76 N. Y., at page 314 et seq. The fact that the goods were of the class designated in the shipping receipt to be "at owner's risk" does not affect the carrier's liability for injury resulting from its negligence, if proven, since an exemption upon this ground was not expressly provided for in terms, as would be required in order that liability so sought to be imposed might be resisted. Canfield v. Railroad Co., 93 N. Y. 537; Nicholas v. Railroad Co., 89 N. Y. 370. Motion denied, with $10 costs. All concur.