(20 Misc. Rep. 586.)

MORRIS v. WIER.

(Supreme Court, Appellate Term.	July 1, 1897.)

1. BILLS OF LADING—EXEMPTIONS—NEGLIGENCE.

Provisions in the shipping receipt issued by an express company, that it shall not be liable for breakage, unless proved to have occurred through its fraud or gross negligence, and that the shipper agrees that the company shall not be held liable for breakage or otherwise, nor for goods not properly packed, do not exempt the company from liability for negligence; and evidence of the breaking of a demijohn while being transported by the company is prima facie evidence of negligence.

2. SAME—IMPROPER PACKING—PROVINCE OF JURY.

Proof that a demijohn, delivered to an express company for carriage, was packed only in an ordinary champagne case, not intended for the purpose, raises a question of fact as to its proper packing, within the meaning of an exemption from liability for goods not properly packed, contained in the shipping receipt.

Appeal from Third district court.

Action by James Morris against Levi C. Wier, as president of the Adams Express Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George E. Gartland, for appellant.

C. A. de Gersdorf, H. S. Marshall, and Seward, Guthrie & Steele, for respondent.

DALY, P. J. The plaintiff shipped a demijohn containing two gallons of whisky, of the value of $18, by defendant's express company, from New York to Ridgefield, Conn. The demijohn was packed in an ordinary champagne case, and, when delivered, was found to be broken, and the contents were gone. The defendant claims exemption from liability under certain clauses of its shipping receipt, which provided (1) that it should not be liable for breakage unless proved to have occurred through its fraud or gross negligence; (2) and that all articles of glass would be taken at the risk of the shipper, and that the latter agrees that the company should not be held responsible for breakage or otherwise, nor for damage to goods not properly packed. Neither provision of the shipping receipt relieved the company from liability for its own negligence. The first expressly excepts negligence, and the second is silent on the subject. "However broad or general may be the language of the contract which does not specifically and in express terms release the carrier from the consequences of his own negligence, it will not effect such release if the general words may operate without excluding such negligence." Holsapple v. Railroad Co., 86 N. Y. 275; Jennings v. Railroad Co., 127 N. Y. 438–447, 28 N. E. 394; Tucker v. Railroad Co., 12 Misc. Rep. 117, 33 N. Y. Supp. 93.

As neither of the provisions of the receipt relieved the company from liability for its own negligence, the plaintiff claims that, under the proof, he was entitled to a recovery. The justice, when all the evidence was in, gave judgment for defendant. A prima facie case of negligence, at most, was made out by evidence of the breaking of

the demijohn inclosed in a champagne box. The delivery of the goods by the carrier in a damaged condition raised the presumption that the damage was done by the carrier's act or default. "Where the accident is one which, in the ordinary course of events, would not have happened but for want of proper care on the part of the defendant, it is incumbent upon him to show that he had taken such precautions as prudence would dictate, and his failure to furnish the proof, where, if it existed, it would be within his power, may subject him to the inference that such precautions were omitted." J. Russell Manuf'g Co. v. New Haven Steamboat Co., 50 N. Y. 121.

But, under the provision of the shipping receipt above mentioned, there was a question of proper packing of the goods for transportation. Upon that point a witness for the defendant testified that the demijohn was not packed in the usual way that demijohns are put up; that it was not in a demijohn box, but a wine case, an ordinary claret case, not suitable for a demijohn. The plaintiff's witness admitted that there was a regular form of demijohn box, but claimed that it was not as safe as packed in a champagne box. The justice was called upon to decide the question of proper packing, and, upon the testimony, his judgment cannot be disturbed. A champagne case or claret case is intended to hold bottles of wine, and might be safely handled in a manner which would not be prudent if the contents of the box, instead of being wine in one or two dozen bottles, were simply a two gallon demijohn, which might be broken by being placed or carried upside down, the whole weight resting upon the neck, and subjected, when so carried, to a jar sufficient to break it, although too slight to injure bottles of wine as ordinarily packed. As there was nothing to indicate to defendant the unusual nature of the contents of this wine case, so as to prevent its being subjected to unnecessary risks, it was, under the circumstances, a question for the justice whether the goods had been properly packed for shipment. We are not warranted in holding that his decision was against the weight of evidence.

Judgment affirmed, with costs. All concur.